**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: <br><br> DERMTECH, INC., <br><br>                     Debtor. <br> Tax I.D. No. 84-2870849 | Chapter 11 <br><br> Case No. 24-11378 ([___]) |
| In re: <br><br> DERMTECH OPERATIONS, INC., <br><br>                     Debtor. <br> Tax I.D. No. 33-0708997 | Chapter 11 <br><br> Case No. 24-11379 ([___]) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

DermTech, Inc. and DermTech Operations, Inc. (each, a "Debtor" and collectively, the "Debtors"), as debtors and debtors in possession in the above-captioned chapter 11 cases, by and through their undersigned proposed counsel, hereby submit this motion (this "Motion") for entry of an order granting the relief described below. In support hereof, the Debtors rely on the *Declaration of Bret Christensen, President and Chief Executive Officer of the Debtors, in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration")[1] filed concurrently herewith, and further represent as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

of Delaware dated February 29, 2012. Pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors confirm their consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of these chapter 11 cases and this Motion is proper in this district under 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a) of title 11 of the United States Code, as amended (the "Bankruptcy Code"), rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 1015-1.

## RELIEF REQUESTED

4. The Debtors respectfully request entry of an order directing the joint administration of these chapter 11 cases for procedural purposes only and granting related relief.

5. In furtherance of the foregoing, the Debtors request that the official caption to be used by all parties in all papers in the jointly administered cases be as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>DERMTECH, INC., *et al.*,[1]<br><br>                                  Debtors. | Chapter 11<br><br>Case No. 24-11378 ([___])<br><br>(Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: DermTech, Inc. (0849) and DermTech Operations, Inc. (8997). The Debtors' service address is 12340 El Camino Real, San Diego, California 92130.

---

      6.      The Debtors further request that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

      7.      The Debtors also request that the Court make a separate docket entry on the docket of DermTech Operations, Inc., to reflect joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing joint administration for procedural purposes only of the chapter 11 cases of: DermTech, Inc., Case No. 24-11378 ([___]) and DermTech Operations, Inc., Case No. 24-11379 ([___]). **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 24-11378 ([___]).**

## BACKGROUND

      8.      On the date hereof (the "Petition Date"), each Debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in

3

these chapter 11 cases, and no official committee of unsecured creditors has been appointed in these chapter 11 cases.

9. The Debtors are a molecular diagnostic company that develops and markets novel non-invasive genomics tests to aid in the evaluation and management of melanoma. The Debtors' flagship product is their DermTech Melanoma Test™ (the "DMT"), a laboratory developed scalable genomics assay to clinically assess pigmented skin lesions for melanoma using non-invasive collection of patient samples using adhesive patches known as the DermTech Smart Sticker™ (together with the DMT and the Debtors' assays, the "Products"). In contrast to the existing standard of care of using a scalpel to biopsy suspicious lesions, the Products provide an objective, non-invasive, higher negative predictive value, and lower cost means of assessing pigmented lesions suspicious of melanoma and guiding the clinician's decision of whether to biopsy. The DMT has been demonstrated to rule out melanoma with a negative predictive value of 99%. The DMT is performed in the Debtors' molecular laboratory in San Diego, California. The Debtors also provide research laboratory services to several pharmaceutical companies which access the Debtors' technology on a contract basis to further clinical trials and studies related to other skin diseases and to measure the response of drugs under development.

10. Additional factual background regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to the filing of these chapter 11 cases, is set forth in detail in the First Day Declaration, filed concurrently herewith and incorporated herein by reference.

## BASIS FOR RELIEF

11. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may

order a joint administration of the estates." Fed. R. Bankr. P. 1015. The Debtor entities in these chapter 11 cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

12. Further, Local Rule 1015-1 provides additional authority for the Court to order joint administration of these chapter 11 cases:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties. An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time. An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

Local Rule 1015-1.

13. Given the integrated nature of the Debtors' operations, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these chapter 11 cases will affect each Debtor entity. The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

5

14. Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

## **NOTICE**

15. The Debtors will provide notice of this Motion to: (a) the U.S. Trustee; (b) the United States Attorney's Office for the District of Delaware; (c) the Internal Revenue Service; (d) the United States Securities and Exchange Commission; (e) the holders of the thirty (30) largest unsecured claims against the Debtors on a consolidated basis; and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors will serve copies of this Motion and any order entered in respect hereto as required by Local Rule 9013-1(m). The Debtors respectfully submit that, in light of the nature of the relief requested, no further notice is necessary.

*[Remainder of Page Intentionally Left Blank]*

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form annexed hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

| | |
|---|---|
| Dated: June 18, 2024<br>Wilmington, Delaware | **WILSON SONSINI GOODRICH & ROSATI, P.C.**<br><br>*/s/ Catherine C. Lyons*<br>Erin R. Fay (No. 5268)<br>Shane M. Reil (No. 6195)<br>Catherine C. Lyons (No. 6854)<br>222 Delaware Avenue, Suite 800<br>Wilmington, Delaware 19801<br>Telephone: (302) 304-7600<br>E-mails: efay@wsgr.com<br>         sreil@wsgr.com<br>         clyons@wsgr.com<br><br>- and -<br><br>Benjamin Hoch<br>Marsha Sukach (*pro hac vice* admission pending)<br>1301 Avenue of the Americas, 40th Floor<br>New York, New York 10019<br>Telephone: (212) 999-5800<br>Facsimile: (212) 999-5899<br>E-mails:  bhoch@wsgr.com<br>          msukach@wsgr.com<br><br>*Proposed Counsel to the Debtors and Debtors in Possession* |

## EXHIBIT A

**Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>DERMTECH, INC.,<br><br>                      Debtor.<br>Tax I.D. No. 84-2870849 | Chapter 11<br><br>Case No. 24-11378 ([___]) |
| In re:<br><br>DERMTECH OPERATIONS, INC.,<br><br>                      Debtor.<br>Tax I.D. No. 33-0708997 | Chapter 11<br><br>Case No. 24-11379 ([___]) |

**ORDER (I) DIRECTING JOINT ADMINISTRATION OF
RELATED CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "<u>Motion</u>")[1] of the Debtors for entry of an order (this "<u>Order</u>") directing joint administration of these cases for procedural purposes only and granting related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that venue of these cases and this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing therefor,

      **IT IS HEREBY ORDERED THAT:**

---

[1]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

1. The Motion is granted as set forth herein.

2. Each of the above-captioned chapter 11 cases is consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 24-11378 ([___]).

3. The caption of the jointly administered cases shall read as follows:

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| In re: | Chapter 11 |
|---|---|
| DERMTECH, INC., *et al.*,[1] | Case No. 24-11378 ([___]) |
| Debtors. | (Jointly Administered) |

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: DermTech, Inc. (0849) and DermTech Operations, Inc. (8997). The Debtors' service address is 12340 El Camino Real, San Diego, California 92130.

---

4. The foregoing caption shall satisfy the requirements of section 342(c)(1) of the Bankruptcy Code.

5. The Clerk of the Court shall make a docket entry in each Debtor's Chapter 11 Case (except that of DermTech, Inc.) substantially as follows:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing joint administration for procedural purposes only of the chapter 11 cases of: DermTech, Inc., Case No. 24-11378 ([___]) and DermTech Operations, Inc., Case No. 24-11379 ([___]). **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 24-11378 ([___]).**

3

6.      The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the District of Delaware shall keep, one consolidated docket, one file, and one consolidated service list for these chapter 11 cases.

7.      Nothing in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the Debtors' estates.

8.      The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.