## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| DERMTECH, INC., *et al.*,[1] | Case No. 24-11378 ([___]) |
| Debtors. | (Joint Administration Requested) |

### DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO (A) FILE A CONSOLIDATED (1) CREDITOR MATRIX AND (2) TOP THIRTY CREDITORS LIST, AND (B) REDACT CERTAIN PERSONAL IDENTIFICATION INFORMATION IN THE CREDITOR MATRIX AND CERTAIN OTHER DOCUMENTS; (II) MODIFYING THE REQUIREMENT TO FILE A LIST OF ALL EQUITY SECURITY HOLDERS AND MODIFYING NOTICE REQUIREMENTS TO EQUITY SECURITY HOLDERS; AND (III) GRANTING RELATED RELIEF

DermTech, Inc., and DermTech Operations, Inc. (each, a "Debtor" and collectively, the "Debtors"), as debtors and debtors in possession in the above-captioned chapter 11 cases, by and through their undersigned proposed counsel, hereby submit this motion (this "Motion") for entry of an order granting the relief described below.  In support hereof, the Debtors rely on the *Declaration of Bret Christensen, President and Chief Executive Officer of the Debtors, in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration")[2] filed concurrently herewith and incorporated by reference, and further represent as follows:

### JURISDICTION AND VENUE

1.     The Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: DermTech, Inc. (0849) and DermTech Operations, Inc. (8997).  The Debtors' service address is 12340 El Camino Real, San Diego, California 92130.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

of Delaware dated February 29, 2012.  Pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy

Practice and Procedure of the United States Bankruptcy Court for the District of Delaware

(the "Local Rules"), the Debtors confirm their consent to the entry of a final order by the Court in

connection with this Motion to the extent that it is later determined that the Court, absent consent

of the parties, cannot enter final orders or judgments in connection herewith consistent with Article

III of the United States Constitution.

2.      This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue of these chapter

11 cases and this Motion is proper in this district under 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 105(a), 107(c),

342(a) and 521 of title 11 of the United States Code, as amended (the "Bankruptcy Code"), rules

1007, 2002(d), 2002(m), 9007, 9013, and 9018 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), and Local Rules 1001-1(c), 1007-1, 1007-2, 2002-1, 9013-1(m), and

9018-1(d).

## RELIEF REQUESTED

4.      The Debtors respectfully request entry of an order, substantially in the form

attached hereto as **Exhibit A** (the "Order"):  (i) authorizing the Debtors to (a) file a consolidated

(1) list of creditors (the "Consolidated Creditor Matrix") in lieu of submitting a separate mailing

matrix for each Debtor and (2) list of the Debtors' thirty (30) largest unsecured creditors

(the "Consolidated Top 30 Creditors List") in lieu of submitting a separate list for each Debtor,

and (b) authorizing the Debtors to redact certain personal identification information therein;

(ii) modifying the requirement to file a list of all equity security holders of the Debtors and modifying notice thereto, and (iii) granting related relief.

## BACKGROUND

5.      On the date hereof (the "Petition Date"), each Debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Concurrently with the filing of this Motion, the Debtors filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committee of unsecured creditors has been appointed in these chapter 11 cases.

6.      The Debtors are a molecular diagnostic company that develops and markets novel non-invasive genomics tests to aid in the evaluation and management of melanoma. The Debtors' flagship product is their DermTech Melanoma Test™ (the "DMT"), a laboratory developed scalable genomics assay to clinically assess pigmented skin lesions for melanoma using non-invasive collection of patient samples using adhesive patches known as the DermTech Smart Sticker™ (together with the DMT and the Debtors' assays, the "Products"). In contrast to the existing standard of care of using a scalpel to biopsy suspicious lesions, the Products provide an objective, non-invasive, higher negative predictive value, and lower cost means of assessing pigmented lesions suspicious of melanoma and guiding the clinician's decision of whether to biopsy. The DMT has been demonstrated to rule out melanoma with a negative predictive value of 99%. The DMT is performed in the Debtors' molecular laboratory in San Diego, California and the Debtors also provide research laboratory services to several pharmaceutical companies which

access the Debtors' technology on a contract basis to further clinical trials and studies related to other skin diseases and to measure the response of drugs under development.

7.      Additional factual background regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to the filing of these chapter 11 cases, is set forth in detail in the First Day Declaration, filed concurrently herewith and incorporated herein by reference.

## BASIS FOR RELIEF REQUESTED

### I.   THE USE OF A CONSOLIDATED CREDITOR MATRIX IS APPROPRIATE AND SHOULD BE APPROVED

8.      Section 521(a)(1)(A) of the Bankruptcy Code requires a debtor to file a list of creditors.  11 U.S.C. § 521(a)(1)(A).  Additionally, Bankruptcy Rule 1007(a)(1) requires a debtor to file "a list containing the name and address of each entity included or to be included on Schedules D, E/F, G, and H."  Fed. R. Bank. P. 1007(a)(1).  Likewise, Local Rule 1007-2(a) requires a debtor to file, together with its voluntary petition, a list containing the name and complete address of each creditor.  Local Rule 2002-1(f)(v) further requires each debtor in jointly administered cases, or its duly retained claims and noticing agent, to maintain a separate creditor matrix for each debtor.  Del. Bankr. L.R. 2002-1(f)(v).

9.      Local Rule 1001-1(c), however, authorizes the Court to modify the application of the Local Rules "in the interest of justice."  Del. Bankr. L.R. 1001-1(c).  Section 105(a) of the Bankruptcy Code allows the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

10.     The Debtors submit that permitting them to maintain the Consolidated Creditor Matrix, in lieu of filing a separate creditor matrix for each Debtor, is warranted by the facts and circumstances of these chapter 11 cases.  Requiring the Debtors to segregate and convert their

computerized records to a Debtor-specific creditor matrix format would be an unnecessarily burdensome task and result in duplicate mailings. Because the Debtors have thousands of creditors and other parties in interest, converting the Debtors' computerized information to a format compatible with the matrix requirements would also greatly increase the risk of error with respect to the information already on computerized systems.

11. Furthermore, the Debtors have filed an application to retain and employ a claims and noticing agent contemporaneously with the filing of this Motion. If such application is granted, the claims and noticing agent will assist with, among other tasks, mailing of notices to parties. The Debtors believe that the Consolidated Creditor Matrix will be sufficient to allow their claims and noticing agent to provide notice to all creditors as well as applicable parties in interest during the chapter 11 cases, as required by Local Rule 1007-2.

## II. THE FILING OF A CONSOLIDATED TOP 30 CREDITORS LIST IN THESE CHAPTER 11 CASES IS APPROPRIATE AND SHOULD BE APPROVED

12. Pursuant to Bankruptcy Rule 1007(d), a debtor must file, together with its voluntary petition, a list setting forth the names, addresses, and claim amounts of the creditors, excluding insiders, who hold the 20 largest unsecured claims in the debtor's case. Fed. R. Bankr. P. 1007(d).

13. To provide the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") with a clear picture of the Debtors' creditor constituency, however, the Debtors have prepared the Consolidated Top 30 Creditors List as opposed to a list of the twenty (20) largest unsecured creditors for each Debtor. One of the primary purposes of filing a list of a debtor's largest unsecured creditors is to facilitate the U.S. Trustee's evaluation of the types and amounts of unsecured claims asserted against a debtor so that the U.S. Trustee can make an informed decision when identifying potential candidates to serve on an official committee of unsecured creditors. Because the Debtors' significant unsecured creditors are captured on the

Consolidated Top 30 Creditors List, it will provide the U.S. Trustee with a sufficiently clear picture of the Debtors' unsecured creditor constituency. Compiling separate top thirty (30) creditor lists for each individual Debtor would consume a substantial amount of the Debtors' time and resources. On the other hand, the Consolidated Top 30 Creditors List will help alleviate administrative burdens, costs, and the possibility of duplicative service. Accordingly, the Debtors submit that filing a single consolidated list of the top thirty (30) largest unsecured creditors is appropriate in these chapter 11 cases.

## III. CAUSE EXISTS TO REDACT CERTAIN PERSONAL IDENTIFICATION INFORMATION CONTAINED IN THE CONSOLIDATED CREDITOR MATRIX, CONSOLIDATED TOP 30 CREDITORS LIST, AND OTHER FILINGS

14.     Section 107(c) of the Bankruptcy Code provides that the Court "for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual[:] . . . [a]ny means of identification . . . contained in a paper filed, or to be filed in a case under" the Bankruptcy Code. 11 U.S.C. § 107(c)(1)(A).

15.     In addition, privacy protection regulations are commonplace in key jurisdictions where the Debtors operate. For instance, in 2018, the state of California enacted the California Consumer Privacy Act of 2018 (the "CCPA"), which provides individuals domiciled in California the right to request that their collected personal information be deleted by entities subject to the regulation.[3] Violators risk injunctions and civil penalties of up to $2,500 for *each* violation and up to $7,500 for *each intentional* violation. Cal. Civ. Code § 1798.155. The CCPA applies to all

---

[3]     In *Pier 1 Imports*, Judge Huennekens was aware that publishing certain unredacted documents on the docket could implicate serious CCPA issues: "the State of California has adopted very extensive privacy provisions that would cover something like this. And do we need -- I mean, and this does -- this company does business in California. I mean, they're going to be concerns there, are there not?" Hr'g Tr. 43:2–6, *In re Pier 1 Imports, Inc.*, No. 20- 30805 (KRH) (Bankr. E.D. Va. Mar. 13, 2020) [Docket No. 359].

for-profit entities doing  business in California (the "CCPA Entities") that collect and process consumers' personal data and satisfy one of the following criteria: (a) annual gross revenue in excess of $25 million; (b) buys, shares, receives, or sells the personal information of more than 50,000 consumers, households, or devices for commercial purposes; or (c) receives 50% or more of their annual revenues from selling consumers' personal information.  Cal. Civ. Code § 1798.140(c)(1).  The Debtors likely qualify as CCPA Entities because the bulk of the Debtors' operations and employees are located in California and the Debtors receive personal information from patients that number in the tens of thousands in connection with their operations.

16.     Moreover, the Debtors are also subject to the provisions of the California Confidentiality of Medical Information Act (the "CMIA"). The CMIA protects "medical information" held by providers of health care, health plans, and subcontractors, and specifically regulates mobile applications used for, among other things, the diagnosis of medical conditions as "health care providers." As a result of such regulation, if the Debtors were to disclose information to a third party where not permitted by the CMIA, they could be subject to administrative fines, civil, and criminal penalties. The CMIA also provides a private right of action that may increase the likelihood of, and risks associated with, litigation in association with any breach.

17.     The nature of the Debtors' business also subjects them to regulation under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), as amended by the Health Information Technology for Economic and Clinical Health Act of 2009, and associated implementing regulations (collectively, the "HIPAA Rules"). Among other things, HIPAA requires covered entities and business associates to develop and maintain policies and procedures with respect to personal health information that is used or disclosed, including the adoption of administrative, physical, and technical safeguards to protect such information and ensure the

confidentiality, integrity, and availability of electronic personal health information. Pursuant to the HIPAA Rules, the Debtors are required to maintain security standards for any personal health information they create, receive, maintain, or transmit and may be subject to periodic audits for compliance with the HIPAA Rules and by the Debtors' customers. Significant penalties, including criminal penalties and imprisonment, can be imposed on entities subject to HIPAA for failure to comply with a requirement of the HIPAA Rules.

18.     In addition, disclosing such information could be used by third parties to, among other things, perpetrate identity theft or locate survivors of domestic violence or stalking who have otherwise taken steps to conceal their whereabouts. This risk is not merely speculative. In at least one recent chapter 11 case, the abusive former partner of a debtor's employee exploited the publicly accessible creditor and employee information filed in the chapter 11 case to track the employee to her new address, which had not been publicly available until then, forcing the employee to change addresses again for her safety.[4] The Debtors propose to provide an unredacted version of the Consolidated Creditor Matrix and Consolidated Top 30 Creditors List and any other redacted, applicable filings to this Court, the U.S. Trustee, counsel to any statutory committee appointed in the chapter 11 cases, and other parties in interest upon reasonable request (email being sufficient) to the Debtors or this Court that is reasonably related to these chapter 11 cases.

19.     Courts in this district have stressed the importance of authorizing debtors to redact individual creditors' personally identifiable information, including home addresses in particular. In overruling an objection by the U.S. Trustee in *Art Van Furniture* to relief similar to that which is being requested herein, then Chief Judge Sontchi noted that the proposed redaction is not a

---

[4]     The incident, which took place during the first Charming Charlie chapter 11 proceedings in 2017, is described in the "creditor matrix motion" filed in *In re Charming Charlie Holdings, Inc.*, Case No. 19-11534 (CSS) (Bankr. D. Del. Jul. 11, 2019) [Docket No. 4].

"burden of proof" issue so "much as a common sense issue." Hr'g Tr. at 25:6–7, *In re Art Van Furniture, LLC*, No. 20-10553 (CSS) (Bankr. D. Del. Mar. 10, 2020) [Docket No. 82].[5]  Judge Sontchi found that "at this point and given the risks associated with having any kind of private information out on the internet, [redaction] has really become routine [and] I think obvious relief." *Id.* at 25:13–16. Similarly, in *Clover Technologies*, Judge Owens overruled the U.S. Trustee's objection, noting that:

> [t]o me it is common sense. I don't need evidence that there is, at best, a risk of identity theft and worse a risk of personal injury from listing someone's name and address on the internet by way of the court's electronic case filing system and, of course, the claims agent's website. . . . The court can completely avoid contributing to the risk by redacting the addresses.  And while there is, of course, an important right of access we routinely redact sensitive and confidential information for corporate entities and redact individual's home addresses.

Hr'g Tr. at 24:21-25, 25:9-10, *In re Clover Techs. Grp., LLC*, No. 19-12680 (KBO) (Bankr. D. Del. Jan. 22, 2020) [Docket No. 146].   And, in *Forever 21*, in overruling the U.S. Trustee's objection, Judge Gross found that "[w]e live in a new age in which the theft of personal identification is a real risk, as is injury to persons who, for personal reasons, seek to have their addresses withheld."  Hr'g Tr. at 60:22–25, *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Dec. 19, 2019) [Docket No. 605].

---

[5]   Similarly, Judge Sontchi previously overruled the U.S. Trustee's objection to the redaction of individuals' information and found that "it's just plain common sense in 2019—soon to be 2020—to put as little information out as possible about people's personal lives to present [sic] scams . . . [Identity theft] is a real-life issue, and, of course, the issue of domestic violence is extremely important." Hr'g Tr. at 48:20–22, 49:3–5, *In re Anna Holdings*, No. 19-12551 (CSS) (Bankr. D. Del. Dec. 3, 2019) [Docket No. 112].

Notably, Judge Sontchi acknowledged that "the world is very different from [the 1980s] when you and I started practice with the problems of identity theft" and that his perspective had evolved in that he was not previously aware of "the dangers with this kind of information becoming public." *See* Hr'g Tr. at 45:25-46:2, 47:22–24. The Debtors reserve the right to supplement the record with respect to such risks insofar as they are not self- evident in this instance. *Id.*

20.     For these reasons, the Debtors respectfully submit that cause exists to authorize the Debtors to seal, pursuant to 11 U.S.C. § 107(c)(1) personally identifiable information—including home addresses for individuals—listed on the Consolidated Creditor Matrix, Consolidated Top 30 Creditors List, the List of Equity Interest Holders, or any other document filed with this Court.

## IV.     THE REQUIREMENT TO FILE A LIST OF EQUITY SECURITY HOLDERS OF THE DEBTORS SHOULD BE MODIFIED AND NOTICE THERETO SHOULD BE MODIFIED

21.     The Bankruptcy Rules also contain certain requirements with respect to a debtor's equity security holders. Bankruptcy Rule 1007(a)(3) requires a debtor to file, within fourteen (14) days after the petition date, a list of the debtor's equity security holders. Fed. R. Bankr. P. 1007(a)(3). Bankruptcy Rule 2002(d), in turn, requires that equity security holders be provided notice of, among other things, the commencement of the bankruptcy cases (the "Notice of Commencement") and the confirmation hearing. Fed. R. Bankr. P. 2002(d). Bankruptcy courts have authority to modify or waive the requirements under both rules. Fed. R. Bankr. P. 1007(a)(3) ("[U]nless the court orders otherwise, the debtor shall file . . . a list of the debtor's equity security holders . . . "); Fed R. Bankr. P. 2002(d) ("[U]nless the court orders otherwise, the clerk . . . shall in the manner and form directed by the court . . . give notice to all equity security holders . . ."); *see also* 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."); Fed. R. Bankr. P. 9007 ("When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which notice shall be given.").

### A.     The Court Should Modify the Requirement to File an Equity Holders' List

22.     The Debtors submit that the requirements to file a list of, and to provide Notice of Commencement directly to, equity security holders should be modified. Debtor DermTech, Inc. ("DermTech") is a publicly traded company with approximately 35,253,581 outstanding shares of

common stock as of June 17, 2024.  Prior to the Petition Date, DermTech's common stock was listed on the NASDAQ Capital Market under the ticker symbol "DMTK" and certain of its publicly traded warrants were traded on the OTC Markets' "OTC Pink Market" tier, under ticker symbol "DMTKW."  The Debtors do not maintain a complete list of their equity security holders and therefore must obtain the names and addresses of their shareholders from a securities agent. If the requirement to file a list of equity security holders is not modified as set forth herein, DermTech would have to try to obtain the names and addresses of shareholders from transfer agents and brokerage firms. The process of obtaining such names and addresses, and preparing the list of such holders with last known addresses and sending notices to all such holders would be burdensome, time consuming, and expensive. Specifically, to obtain the list of beneficial holders, DermTech would have to request that its transfer agent, Continental (the "Transfer Agent"), contact all registered holders, banks, brokers, intermediaries, and other nominees (collectively, the "Nominees") that hold stock in "street name" for the beneficial holders of the stock, as applicable, and request that all such Nominees review their books and records to identify the identity of the applicable beneficial holder(s).  Beneficial holders would have an opportunity to object to the release of their identities, in which case, the brokerage firms would not be permitted to disclose their identities, even upon a written request by DermTech.

23.    Importantly, even if such information is ultimately obtained, it would only represent a snapshot of equity security holders as of a particular point in time—therefore providing little utility, especially when balanced against the cost and burden of acquiring such information in the first instance. In addition, if a beneficial holder holds DermTech stock in "street name" with a Nominee, such Nominee, upon information and belief, may have procedures in place to provide notice of these chapter 11 cases to the beneficial holder.

24.     Instead, the Debtors propose that, the Debtors will file a list of all known registered holders of the Debtors' common stock (the "DermTech Stock") as of June 17, 2024.

**B.      The Court Should Modify the Manner of Notice to Equity Holders**

25.     In in lieu of providing direct notice to each of the beneficial holders of DermTech's equity interests, the Debtors propose to provide notice by: (i) publishing the notice of commencement of these chapter 11 cases (the "Notice of Commencement") on the case website established by the Debtors' proposed claims agent, Stretto, Inc. (the "Claims Agent" and such website, the "Case Website"), (ii) filing a Form 8-K with the SEC within four (4) business days following the Petition Date, notifying their investors and other parties of the commencement of these chapter 11 cases, (iii) serving by first class mail, the Notice of Commencement all other notices in these chapter 11 cases on all known registered holders of DermTech Stock as soon as practicable after entry of the order granting this Motion, and (iv) serving by first class mail, the Notice of Commencement and all other notices in these chapter 11 cases on the Transfer Agent and all of the Nominees that hold stock in "street name" for the beneficial holders of the equity interest, as applicable.  Moreover, documents filed and notices provided in connection with these chapter 11 cases will be publicly available on the Case Website.  Accordingly, DermTech's stockholders will be aware of these chapter 11 cases and their statuses.

26.     Providing a direct notice to equity holders beyond that set forth in paragraph 25 would be a burdensome and expensive process, and would serve little or no beneficial purpose in light of the fact that the transfer agents and brokerage firms have processes in place that would ensure that each beneficial holder obtains requisite notice.  The Debtors therefore request that the requirement to provide notice directly to, all of DermTech's equity security holders be waived and

that the Debtors be authorized to provide notice to the equity security holders in the manner set forth herein.

27.     If it is determined that the equity security holders are entitled to distributions from the Debtors' estates, those equity security holders will be provided with notice of the Debtors' bar date and have the opportunity to file proofs of interest. Therefore, equity security holders will not be prejudiced by the Court's determination to grant the relief requested herein.

28.     The Debtors respectfully submit that the facts and circumstances of these chapter 11 cases provide cause for the Court to waive Bankruptcy Rule 1007(a)(3)'s requirement to file the list of equity security holders for DermTech and to modify the provision of notice of the order of relief under Bankruptcy Rule 2002(d).

## COMPLIANCE WITH LOCAL RULE 9018-1(d)(iv)

29.     Under the circumstances, and given the nature of the relief requested herein, the Debtors have not been able to confer with the individuals whose information is requested to be sealed and, accordingly, the Debtors submit that there is cause to excuse the Debtors from the meet and confer obligations under Local Rule 9018-1(d).

## NOTICE

30.     The Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) the United States Attorney's Office for the District of Delaware; (c) the state attorneys general for all states in which the Debtors conduct business; (d) the Internal Revenue Service; (e) the United States Securities and Exchange Commission; (f) the holders of the thirty (30) largest unsecured claims against the Debtors on a consolidated basis; (g) all Transfer Agents and Nominees that hold DermTech's stock in "street name" for the beneficial holders thereof; and (h) any party that has requested notice pursuant to Bankruptcy Rule

2002.  The Debtors will serve copies of this Motion and any order entered in respect hereto as required by Local Rule 9013-1(m).  The Debtors respectfully submit that, in light of the nature of the relief requested, no further notice is necessary.

## **CONCLUSION**

WHEREFORE the Debtors respectfully request entry of the Order substantially in the form annexed hereto as **Exhibit A** granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: June 18, 2024
      Wilmington, Delaware

**WILSON SONSINI GOODRICH & ROSATI, P.C.**

*/s/ Catherine C. Lyons*
Erin R. Fay (No. 5268)
Shane M. Reil (No. 6195)
Catherine C. Lyons (No. 6854)
222 Delaware Avenue, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 304-7600
E-mails:  efay@wsgr.com
         sreil@wsgr.com
         clyons@wsgr.com

- and -

Benjamin Hoch
Marsha Sukach (*pro hac vice* admission pending)
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
E-mails:  bhoch@wsgr.com
         msukach@wsgr.com

*Proposed Counsel to the Debtors and Debtors in Possession*

## EXHIBIT A

**Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| DERMTECH, INC., *et al.*,[1] | Case No. 24-11378 ([___]) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket No. ___ |

**ORDER (I) AUTHORIZING THE DEBTORS TO (A) FILE A CONSOLIDATED
(1) CREDITOR MATRIX AND (2) TOP 30 CREDITORS LIST, AND (B) REDACT
CERTAIN PERSONAL IDENTIFICATION INFORMATION IN THE CREDITOR
MATRIX AND CERTAIN OTHER DOCUMENTS; (II) MODIFYING THE
REQUIREMENT TO FILE A LIST OF EQUITY SECURITY
HOLDERS AND MODIFYING NOTICE REQUIREMENTS
THERETO; AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") for entry of an order (this "Order") (i) authorizing the Debtors to

(a) file (1) the Consolidated Creditor Matrix and (2) the Consolidated Top 30 Creditors List and

(b) to redact certain personal identification information therein and in certain other documents,

(ii) modifying the requirement to file a list of equity security holders and modifying notice

requirements thereto; and (iii) granting related relief, all as more fully set forth in the Motion; and

this Court having reviewed the Motion and the First Day Declaration; and this Court having

jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C.

§§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District

Court for the District of Delaware, dated February 29, 2012; and this Court having found that this

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: DermTech, Inc. (0849) and DermTech Operations, Inc. (8997).  The Debtors' service address is 12340 El Camino Real, San Diego, California 92130.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

is a core proceeding pursuant to 28 U.S.C. § 157(b) and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and this Court having determined that there is good and sufficient cause for the relief granted in this Order, therefore,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted, as set forth herein.

2.      The Debtors are authorized to submit the Consolidated Creditor Matrix.  The requirements of section 521(a)(1)(A) of the Bankruptcy Code, Bankruptcy Rule 1007(a)(1), and Local Rules 1007-2(a) and 2002-1(f)(v) that separate mailing matrices and lists of creditors be submitted for each Debtor are waived; *provided, however* if any of these chapter 11 cases convert to a case under chapter 7 of the Bankruptcy Code, the applicable Debtor shall file its own creditor mailing matrix.

3.      The Debtors are authorized to file the Consolidated Top 30 Creditors List in lieu of each Debtor filing a list of its twenty (20) largest unsecured creditors.

4.      The Debtors are authorized to redact the home addresses and email addresses of individual persons from any documents filed in these chapter 11 cases, including the Consolidated Creditor Matrix, the Consolidated Top 30 Creditors List, the List of Equity Interest Holders, the Debtors' Schedules and Statements, and affidavits of service; *provided, that* the Debtors shall file unredacted versions of all such documents under seal with the Court, and shall provide unredacted versions of such documents to the U.S. Trustee, any official committee of unsecured creditors

2

appointed in these chapter 11 cases, the Debtors' claims and noticing agent, and any party in interest upon reasonable request related to these chapter 11 cases.

5.      When serving any notice in these cases on individual persons, the Debtors' claims and noticing agent, and, where applicable, the Clerk of the Court, shall use the address the Debtors have on file for such individual, which shall not be the Debtors' general mailing addresses.

6.      Nothing in this Order shall waive or otherwise limit the service of any document upon or the provision of any notice to any individual solely because such individual's personally identifiable information is sealed or redacted pursuant to this Order.  Service of all documents and notices upon individuals whose personally identifiable information is sealed or redacted pursuant to this Order shall be confirmed in the corresponding certificate of service.  The Debtors shall provide the personally identifiable information to any party in interest that files a motion that indicates the reason such information is needed and that, after notice and a hearing, is granted by this Court.  Alternatively, the Debtors are authorized to facilitate service of process through the Debtors' claims and noticing agent for any party in interest required to serve a creditor whose information has been redacted pursuant to this Order and arrange for reimbursement of expenses on account of such service with said party in interest.

7.      The requirement under Bankruptcy Rule 1007(a)(3) to file a list of all equity security holders of the Debtors is hereby modified such that the Debtors shall file a list of all known registered holders of the Debtors as of June 17, 2024.

8.      The requirement under Bankruptcy Rule 2002(d) to provide the Notice of Commencement to all of the equity security holders of Debtor DermTech, Inc. is hereby modified, such that the Debtors shall (i) publish the Notice of Commencement on the Debtors' case website located at https://cases.stretto.com/DermTech; (ii) file a Form 8-K with the SEC within four (4)

business days following the Petition Date, notifying their investors and other parties in interest of the commencement of these chapter 11 cases; (iii) serve by first class mail, the Notice of Commencement and all other notices in these chapter 11 cases, on all known registered holders of DermTech Stock as soon as practicable after entry of this Order, and (iv) serve by first class mail, the Notice of Commencement and all other notices in these chapter 11 cases on DermTech's Transfer Agents and Nominees that hold stock in "street name" for the beneficial holders of the stock, as applicable.

9.      The Debtors are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order.

10.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.