## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| DERMTECH, INC., *et al.*,[1] | Case No. 24-11378 ([___]) |
| Debtors. | (Joint Administration Requested) |

**DEBTORS' MOTION FOR INTERIM AND FINAL ORDERS,
PURSUANT TO SECTIONS 105(a), 362(a)(3), AND 541 OF THE
BANKRUPTCY CODE AND BANKRUPTCY RULE 3001, ESTABLISHING
NOTICE AND HEARING PROCEDURES FOR TRADING IN, OR
CERTAIN CLAIMS OF WORTHLESSNESS WITH RESPECT TO,
<u>EQUITY SECURITIES IN DERMTECH, INC.</u>**

DermTech, Inc. and DermTech Operations, Inc. (each, a "<u>Debtor</u>" and collectively, the "<u>Debtors</u>"), as debtors and debtors in possession in the above-captioned chapter 11 cases, by and through their undersigned proposed counsel, hereby submit this motion (this "<u>Motion</u>") for entry of interim and final orders granting the relief described below.  In support hereof, the Debtors rely on the *Declaration of Bret Christensen, President and Chief Executive Officer of the Debtors, in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "<u>First Day Declaration</u>")[2] filed concurrently herewith, and further represent as follows:

### <u>JURISDICTION AND VENUE</u>

1.    The Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012.  Pursuant to rule 9013-1(f) of the Local Rules of

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: DermTech, Inc. (0849) and DermTech Operations, Inc. (8997).  The Debtors' service address is 12340 El Camino Real, San Diego, CA 92130.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors confirm their consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of these chapter 11 cases and this Motion is proper in this district under 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief sought herein are sections 105(a), 362(a)(3), and 541 of title 11 of the United States Code, as amended (the "Bankruptcy Code") and rules 3001 and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## RELIEF REQUESTED

4.      The Debtors respectfully request entry of interim and final orders, substantially in the forms attached hereto as **Exhibit A** (the "Interim Order") and **Exhibit B** (the "Final Order," and together with the Interim Order, the "Orders"), respectively, establishing notice and hearing procedures that must be followed before certain transfers of, or certain claims of worthlessness for federal or state tax purposes with respect to, equity securities in Debtor DermTech, Inc. ("DermTech"), or of any beneficial interest therein, are deemed effective.  The procedures for trading in, or claiming a worthless stock deduction with respect to, equity securities in DermTech are necessary to protect and preserve the value of the Debtors' U.S. federal and state tax attributes, including, but not limited to, significant net operating loss carryforwards ("NOLs" and, collectively with any capital losses, unrealized built-in losses, and certain other tax and business credits and other tax attributes, the "Tax Attributes").  As of December 31, 2023, the Tax Attributes at issue here totaled at least $342 million.

5.      If no restrictions on trading or claiming worthless stock deductions are imposed by the Court, such trading or deductions could severely limit or even eliminate the Debtors' ability to utilize the Tax Attributes, which could lead to significant negative consequences for the Debtors, their estates, creditors, and other stakeholders.  To preserve, to the fullest extent possible, the Tax Attributes, the Debtors seek immediate procedural relief that will enable the Debtors to closely monitor certain transfers of, or certain claims of worthlessness for federal or state tax purposes with respect to, DermTech equity securities, so as to be in a position to act expeditiously, if necessary, to preserve the Tax Attributes.  Thus, the Debtors request that the Court enter an Interim Order preserving the status quo in this regard.

## BACKGROUND

**A.      General**

6.      On the date hereof (the "<u>Petition Date</u>"), each Debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Concurrently with the filing of this Motion, the Debtors filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committee of unsecured creditors has been appointed in these chapter 11 cases.

7.      The Debtors are a molecular diagnostic company that develops and markets novel non-invasive genomics tests to aid in the evaluation and management of melanoma. The Debtors' flagship product is their DermTech Melanoma Test™ (the "<u>DMT</u>"), a laboratory developed scalable genomics assay to clinically assess pigmented skin lesions for melanoma using non-invasive collection of patient samples using adhesive patches known as the DermTech Smart

Sticker™ (together with the DMT and the Debtors' assays, the "Products"). In contrast to the existing standard of care of using a scalpel to biopsy suspicious lesions, the Products provide an objective, non-invasive, higher negative predictive value, and lower cost means of assessing pigmented lesions suspicious of melanoma and guiding the clinician's decision of whether to biopsy. The DMT has been demonstrated to rule out melanoma with a negative predictive value of 99%. The DMT is performed in the Debtors' molecular laboratory in San Diego, California. The Debtors also provide research laboratory services to several pharmaceutical companies which access the Debtors' technology on a contract basis to further clinical trials and studies related to other skin diseases and to measure the response of drugs under development.

8.      Additional factual background regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to the filing of these chapter 11 cases, is set forth in detail in the First Day Declaration, filed concurrently herewith and incorporated herein by reference.

## THE DEBTORS' TAX ATTRIBUTES

9.      The Debtors have generated, and are currently generating, a significant amount of Tax Attributes for U.S. federal income tax purposes.  As of the Petition Date, the Debtors believe they have significant NOLs (some of which are subject to certain limitations set forth in the IRC (as defined below)), as well as other valuable Tax Attributes, such as certain tax credits. By this Motion, the Debtors seek authority to protect and preserve the value of the Tax Attributes, including, without limitation, the NOLs.  While the value of the Tax Attributes is contingent upon the amount of the Debtors' taxable income that may be offset by the Tax Attributes before they expire, the Tax Attributes could translate into potential future tax savings for the Debtors.

10.      The Tax Attributes are a valuable asset because the Debtors generally can carry forward the Tax Attributes to reduce or eliminate their income tax liability.  In particular, the Tax

Attributes may be available to the Debtors to offset taxable income generated by ordinary course activity and other transactions completed during the course of these chapter 11 cases. Additionally, the Debtors can carry forward the NOLs and credits to reduce their future tax liability. *See* 26 U.S.C. §§ 39, 172.

## POTENTIAL LIMITATIONS ON THE USE OF THE TAX ATTRIBUTES

11.    As a general matter, if a corporation undergoes an "ownership change," section 382 of title 26 of the United States Code ("Section 382"), the Internal Revenue Code of 1986, as amended (the "IRC"), could severely limit or eliminate the corporation's ability to use its NOLs and certain other tax attributes to offset future taxable income.  Under Section 382, an ownership change occurs when the percentage, by value, of a company's equity held by one or more persons holding five percent or more of the stock (in certain cases, taking into account Options to acquire such stock) (the "5% Shareholders") has increased by more than 50 percentage points over the lowest percentage of equity owned by such shareholders at any time during the preceding three-year period or since the last ownership change, as applicable (the "Testing Period").[3]

12.    An "ownership change" can also occur as a result of a "worthless stock deduction" claimed by any "50-percent shareholder." A 50-percent shareholder is any person that owned 50% or more of a corporation's stock "at any time during the 3-year period ending on the last day of the taxable year" in which the worthless stock deduction is claimed.  I.R.C. § 382(g)(4)(D).  If the

---

[3]    For example, assume (i) an individual ("A") owns 50.1% of the stock of corporation XYZ ("XYZ") and (ii) A sells her 50.1% interest in XYZ to another individual ("B"), who currently owns 5% of XYZ's stock.  Under Section 382, an ownership change has occurred upon B's acquisition of A's 50.1% interest in XYZ because the percentage of XYZ stock held by B has increased more than fifty (50) percentage points (from 5% to 55.1%) during the Testing Period.  The same result would follow even if B owned no XYZ stock prior to the transaction with A because B both becomes a "5-percent shareholder" and increases the percentage of XYZ stock B holds by more than fifty (50) percentage points during the Testing Period.  To be clear, a "5-percent shareholder" increasing its holding by 50 percent (i.e., from 5% to 7.5%) as opposed to 50 percentage points would not, in and of itself, result in an "ownership change" under Section 382.  Any subsequent ownership change with respect to XYZ would be determined based only on equity transfers that occur subsequent to the ownership change resulting from the transaction between A and B described immediately above.

50-percent shareholder still owns the corporation's stock at the end of the year, Section 382 of the IRC essentially treats the person as if it purchased new stock on the first day of the next taxable year. That deemed purchase would cause an ownership change, because the 50-percent shareholder would be deemed to have a 50-percentage point increase in its stock ownership. Notably, in the seminal case of *In re Prudential Lines, Inc.*, 928 F.2d 565 (2d Cir. 1991), which is generally relied upon to support equity trading motions, the specific issue in the case was a worthless stock deduction.

13.     If there has been a prior ownership change, the Testing Period for determining whether another ownership change has occurred begins on the first day following the date of the prior ownership change. Section 383 of the IRC imposes a similar limitation to certain tax credits of a corporation. For clarity, this discussion refers only to Section 382, but the rules, principles, and policies discussed therein are generally applicable to Section 383's limit on a corporation's use of credits after an ownership change and are incorporated by reference into Section 383 by the IRC and the Treasury Regulations promulgated thereunder. *See* IRC § 383(e); 26 C.F.R. § 1.383-1(g).

14.     The general purpose of Section 382 is to prevent a company with taxable income from reducing its tax obligations by acquiring control of another corporation with NOLs, net unrealized built-in losses ("Built-in Losses") or certain other tax attributes. To achieve this objective, Section 382 limits the amount of taxable income that can be offset by a pre-change loss to an amount equal to the product of the long-term tax-exempt rate (as published monthly by the U.S. Department of the Treasury) as of the ownership change date and the value of the equity of

the loss corporation immediately before the ownership change (a "Section 382 Limitation").[4] Built-in Losses recognized during the five-year period after the ownership change may be subject to similar limitations.

**PROPOSED PROCEDURES FOR TRADING IN EQUITY SECURITIES**

15.     By establishing procedures for continuously monitoring the trading of DermTech equity securities, the Debtors can preserve their ability to seek substantive relief at the appropriate time, particularly if it appears that additional trading may jeopardize the use of the Tax Attributes. Accordingly, the Debtors request that the Court enter the Proposed Orders establishing the below procedures for trading in equity securities (including Options to acquire such securities, as defined below) of DermTech:[5]

(a)     Any purchase, sale, or other transfer of equity securities (including Options to acquire such securities, as defined below) in DermTech on or after the Petition Date in violation of the procedures set forth herein shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code.

(b)     Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) who currently is or becomes a Substantial Shareholder (as defined in subparagraph (f) below) shall file with the Court, and serve on proposed counsel to the Debtors, a notice of such status, in the form attached hereto as **Exhibit A-1**, on or before the later of (i) twenty (20) calendar days after the date of the Notice of Interim Order or Notice of Final Order (as defined below and as applicable) and (ii) ten (10) calendar days after becoming a Substantial Shareholder.

---

[4]     For ownership changes occurring in June, 2024, the applicable long-term tax-exempt rate will be 3.62% percent. If a corporation has a "net unrealized built-in gain" ("NUBIG") in its assets as of the time of the ownership change, the Section 382 Limitation may be increased in certain circumstances. If a corporation has a "unrealized built-in loss" ("NUBIL") in assets as of the time of the ownership change, any recognized built-in losses during the five-year period beginning on the date of the ownership change will be subject to the Section 382 Limitation.

[5]     The Debtors request that the Court permit the Debtors to waive, in writing, and in their sole and absolute discretion, any and all restrictions, stays, and notification procedures contained in this Motion or in any order entered with respect hereto should the Debtors conclude in their sole discretion that any such restriction, stay or notification procedure is not necessary to protect the Tax Attributes; *provided*, *however*, that the Debtors shall provide notice of any such waiver to the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") in writing within three (3) business days thereafter.

(c)     At least fourteen (14) calendar days prior to effectuating any transfer of equity securities (including Options to acquire such securities, as defined below) that would result in an increase in the amount of DermTech Stock (as defined below) beneficially owned by a Substantial Shareholder or would result in a person or entity becoming a Substantial Shareholder, such Substantial Shareholder (or person or entity that may become a Substantial Shareholder) shall file with the Court, and serve on proposed counsel to the Debtors, advance written notice, in the form attached hereto as **Exhibit A-2**, of the intended transfer of equity securities (including Options to acquire such securities, as defined below).

(d)     At least fourteen (14) calendar days prior to effectuating any transfer of equity securities (including Options to acquire such securities, as defined below) that would result in a decrease in the amount of DermTech Stock beneficially owned by a Substantial Shareholder or would result in a person or entity ceasing to be a Substantial Shareholder, such Substantial Shareholder shall file with the Court, and serve on proposed counsel to the Debtors, advance written notice, in the form attached hereto as **Exhibit A-3**, of the intended transfer of equity securities (including Options to acquire such securities, as defined below) (the notices required to be filed and served under subparagraphs (c) and (d), each a "Notice of Proposed Transfer").

(e)     The Debtors shall have ten (10) calendar days after receipt of a Notice of Proposed Transfer to file with the Court and serve on such Substantial Shareholder (or person or entity that may become a Substantial Shareholder) an objection to the proposed transfer of equity securities (including Options to acquire such securities, as defined below) described in the Notice of Proposed Transfer on the grounds that such transfer may adversely affect the Debtors' ability to utilize the Tax Attributes.  During such 10-day period, and while any objection by the Debtors (or any other party in interest) to the proposed transfer is pending, such Substantial Shareholder shall not effectuate the proposed transfer to which the Notice of Proposed Transfer relates and thereafter shall do so only in accordance with the Court's ruling, and, as applicable, any appellate rules and procedures.  If the Debtors do not object within such 10-day period, such transaction may proceed solely as set forth in the Notice of Proposed Transfer.  Further transactions within the scope of this subparagraph (e) must be the subject of additional notices as set forth herein, with an additional 10-day waiting period.

(f)     For purposes of these procedures, (A) a "Substantial Shareholder" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) which has Beneficial Ownership of at least 5% of all issued and outstanding shares (equal to, as of June 17, 2024, approximately 1,762,679 shares[6]) of

---

[6]    Based on approximately 35,253,581 shares of DermTech Stock issued and outstanding as of June 17, 2024.

the common stock of DermTech ("DermTech Stock"), and (B) "Beneficial Ownership" or any variation thereof of DermTech Stock and Options to acquire DermTech Stock) shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire DermTech Stock, but only to the extent such Option is treated as exercised under Treasury Regulations Section 1.382-4(d).  An "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

## PROPOSED PROCEDURES FOR CLAIMING A WORTHLESS STOCK DEDUCTION

16.     The Debtors also request that the Court enter an order restricting the ability of shareholders that own or have owned 50% or more, by value, of the Debtors' equity securities to claim a deduction for the worthlessness of those securities on their federal or state tax returns for a tax year ending before the Debtors emerge from chapter 11.  Under Section 382(g)(4)(D) of the IRC, any securities held by such a shareholder are treated as though they were transferred if such shareholder claims a worthlessness deduction with respect to such securities.  Therefore, it is essential that shareholders that own or have owned 50% or more of the Debtors' equity securities defer claiming such worthlessness deductions until after the Debtors have emerged from bankruptcy.

17.     By restricting 50% shareholders from claiming worthlessness deductions prior to the Debtors' emergence from chapter 11, the Debtors can preserve their ability to seek substantive relief to use the Tax Attributes.  Accordingly, the Debtors request that the Court enter an order establishing the following procedures:

(a)     Any worthless stock deduction claim with respect to equity securities (including Options to acquire such securities, as defined below) in

DermTech on or after the Petition Date in violation of the procedures set forth herein shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code.

(b)   Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) who currently is or becomes a 50% Shareholder (as defined in subparagraph (e) below) shall file with the Court, and serve on proposed counsel to the Debtors, a notice of such status, in the form attached hereto as **<u>Exhibit A-4</u>**, on or before the later of (i) twenty (20) calendar days after the date of the Notice of Interim Order or Notice of Final Order (as defined below and as applicable) and (ii) ten (10) calendar days after becoming a 50% Shareholder.

(c)   At least fourteen (14) days prior to filing any federal or state tax return, or any amendment to such a return, claiming any deduction for worthlessness of the equity securities (including Options to acquire such securities, as defined below) in DermTech, for a tax year ending before the Debtors' emergence from chapter 11, such 50% Shareholder shall file with the Court, and serve on proposed counsel to the Debtors, an advance written notice, in the form attached hereto as **<u>Exhibit A-5</u>** (a "<u>Notice of Intent to Claim a Worthless Stock Deduction</u>") of the intended claim of worthlessness.

(d)   The Debtors will have ten (10) calendar days after receipt of a Notice of Intent to Claim a Worthless Stock Deduction to file with the Court and serve on such 50% Shareholder an objection to any proposed claim of worthlessness described in the Notice of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize the Tax Attributes. During such 10-day period, and while any objection by the Debtors (or any other party in interest) to the proposed claim is pending, such 50% Shareholder shall not claim, or cause to be claimed, the proposed worthless stock deduction to which the Notice of Intent to Claim a Worthless Stock Deduction relates and thereafter shall do so only in accordance with the Court's ruling, and, as applicable, any appellate rules and procedures. If the Debtors do not object within such 10-day period, the filing of the tax return with such claim would be permitted only as set forth in the Notice of Intent to Claim a Worthless Stock Deduction. Additional tax returns or amendments within the scope of this subparagraph must be the subject of additional notices as set forth herein, with an additional 10-day waiting period.

(e)   For purposes of these procedures, (A) a "<u>50% Shareholder</u>" is any person or entity that, at any time during the three-year period ending on the Petition Date, has had Beneficial Ownership of 50% or more of the equity securities in DermTech (determined in accordance with IRC section 382(g)(4)(D) and the applicable regulations thereunder), and (B) "<u>Beneficial Ownership</u>" or any variation thereof of DermTech Stock and Options to acquire DermTech Stock) shall be determined in accordance with applicable rules under

Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire DermTech Stock, but only to the extent such Option is treated as exercised under Treasury Regulations Section 1.382-4(d).  An "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**NOTICE PROCEDURES FOR INTERIM ORDER AND FINAL ORDER**

18.     To ensure parties in interest receive appropriate notice of the procedures for trading in equity securities and claiming worthless stock deductions, the Debtors request that the Court approve the following notice provisions for the procedures for trading in equity securities and claiming worthless stock deductions.

**A.     Notice of Interim Order**

19.     Following entry of the Interim Order, the Debtors propose to send a notice in substantially the form attached hereto as **Exhibit A-6** (the "Notice of Interim Order") to: (i) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"); (ii) the Office of the United States Attorney for the District of Delaware; (iii) the Internal Revenue Service; (iv) the holders of the thirty (30) largest unsecured claims against the Debtors; (v) all known registered holders of DermTech Stock; (vi) the Transfer Agent and all of the Nominees that hold DermTech Stock in "street name" for the beneficial holders of the DermTech Stock (with instructions to serve down to the beneficial holders of the DermTech Stock) as applicable; and (vii) all parties that, as of the filing of this Motion, have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002 (collectively, the "Equity Trading Notice Parties").

20.     Upon receipt of the Notice of Interim Order, the Nominees shall serve the Notice of Interim Order to any beneficial holders of the DermTech Stock by no later than five (5) business days after being served with the Notice of Interim Order.  Additionally, any person or entity, or broker or agent acting on its behalf, who sells at least 5% of all issued and outstanding shares of the DermTech Stock (or an Option with respect thereto) to another person or entity shall be required to provide the Notice of Interim Order (unless the Court has entered the Final Order) to such purchaser of such DermTech Stock, or any broker or agent acting on its behalf, to the extent reasonably feasible.  The Notice of Interim Order will provide information as to the procedures to be followed in trading, or claiming a worthless stock deduction with respect to, the DermTech Stock and include notice of a final hearing and an opportunity to object before entry of the Final Order.  If, at the time of the purchase, the Court has entered the Final Order, any person or entity, or broker or agent acting on its behalf, who sells at least 5% of all issued and outstanding shares of the DermTech Stock (or an Option with respect thereto) to another person or entity shall provide the purchaser (or its agent) with the Notice of Final Order pursuant to the instructions in paragraph 22 below.

**B.      Notice of Final Order**

21.     Following entry of the Final Order, the Debtors propose to send a notice in substantially the form attached hereto as **Exhibit A-7** (the "Notice of Final Order") to the Equity Trading Notice Parties.

22.     Upon receipt of the Notice of Final Order, the Nominees shall serve the Notice of Final Order to any beneficial holders of the DermTech Stock by no later than five (5) business days after being served with the Notice of Final Order.  Additionally, any person or entity, or broker or agent acting on its behalf, who sells at least 5% of all issued and outstanding shares of DermTech Stock (or an Option with respect thereto) to another person or entity shall be required

to provide the Notice of Final Order to such purchaser of such DermTech Stock, or any broker or agent acting on its behalf, to the extent reasonably feasible.  The Notice of Final Order will provide information as to the procedures to be followed in trading, or claiming a worthless stock deduction with respect to, the DermTech Stock.

## BASIS FOR RELIEF

### A.   The Significance of the Tax Attributes

23.     As a result of past and current operations, the Debtors presently have significant Tax Attributes.  These Tax Attributes may increase as the chapter 11 cases proceed, and could translate into potential future income tax savings for the Debtors.

24.     As discussed above, Section 172(b) of the IRC permits corporations to carry forward certain Tax Attributes to offset future taxable income, thereby significantly improving such corporations' cash position in the future.  Thus, the Tax Attributes are a valuable asset of the Debtors' estates, and their availability could improve creditor recoveries.  However, absent the relief requested herein, trading and accumulation of the DermTech Stock, or certain claims of worthlessness with respect thereto, during the pendency of these chapter 11 cases could severely limit the Debtors' ability to utilize the value of the Tax Attributes.

### B.   The Provisions of Section 382

25.     As described above, Section 382 limits the amount of taxable income that can be offset by a corporation's Tax Attributes in taxable years (or portions thereof) following an ownership change.  If an ownership change were to occur during the course of these chapter 11 cases, Section 382 would limit the amount of taxable income that the Debtors could offset by their pre-change losses in taxable years (or portions thereof) to an annual amount equal to the value of the corporation prior to the ownership change multiplied by the long-term tax-exempt rate.  *See* 26 U.S.C. § 382(b).  Pre-change losses would include the Tax Attributes.  This formulaic limitation

under Section 382 can severely restrict the ability to use pre-change losses because the value of the equity of a distressed company may be quite low.

26.     If certain equity holders transfer the DermTech Stock, or certain worthless stock deductions are made with respect thereto, such transfers or deductions may trigger an ownership change that would not fall within the ambit of special relief provisions applicable to an ownership change resulting from a confirmed chapter 11 plan, because such an ownership change would not occur pursuant to such a plan.  An ownership change occurring during the pendency of these chapter 11 cases is of particular concern because it could likely result in a Section 382 Limitation. Subsequent to such an ownership change, the Debtors' ability to utilize the Tax Attributes both during and after the chapter 11 cases could be limited.

27.     Through this Motion, the Debtors seek the ability to monitor and object to changes in ownership of, or certain claims of worthlessness with respect to, the DermTech Stock so that they may prevent an ownership change during the pendency of these chapter 11 cases, and to preserve (1) the ability to utilize the Tax Attributes during the pendency of these chapter 11 cases to offset taxable income and any potential prepetition tax claims that may be asserted; and (2) the flexibility in crafting a possible chapter 11 plan, depending on the facts and circumstances as they develop.  In short, the Debtors seek to maximize their ability to reduce federal income taxes by offsetting their income earned during these chapter 11 cases and thereafter with current Tax Attributes.

**C.      Special Section 382 Bankruptcy Rules**

28.     To qualify for the Section 382 bankruptcy relief provisions, Section 382(l)(5) and (l)(6), any ownership change must occur pursuant to the consummation of a plan of reorganization. Under Section 382(l)(5), a Section 382 Limitation will not apply to an ownership change resulting from consummation of a chapter 11 plan, provided that under the plan, the debtor's pre-change

shareholders (*i.e.*, persons or entities who owned the debtor's stock immediately before such ownership change) and/or certain qualified creditors emerge from the reorganization owning at least 50% of the total value and voting power of the debtor's stock immediately after the ownership change as a result of being shareholders or qualified creditors immediately before such change. Section 382(l)(6) provides that if a corporation undergoes an ownership change pursuant to a plan of reorganization in chapter 11 and Section 382(l)(5) does not apply (either because the corporation elects out of that provision or because its requirements are not satisfied), then under Section 382(l)(6), the value of the equity of the corporation for purposes of calculating the Section 382 Limitation shall reflect the increase (if any) in value of the old loss corporation resulting from any surrender or cancellation of creditors' claims in the transaction. Thus, assuming the value of the equity of DermTech increases as a result of a reorganization, Section 382(l)(6) will provide for a higher annual limitation than would result under the general rules of Section 382 and could allow the Debtors to use a greater portion of the Tax Attributes to offset any post-change income. The Debtors do not expect that an ownership change during the pendency of these chapter 11 cases would qualify for either of these exceptions, because it is not anticipated that the consummation of a chapter 11 plan itself would result in an ownership change. Thus, in all circumstances, it is in the best interests of the Debtors and their estates to grant the requested relief so as to prevent an ownership change prior to consummation of a plan.

**D.     Tax Attributes are Property of the Debtors' Estates and are Entitled to Court Protection**

29.     Courts have uniformly held that a debtor's tax attributes constitute property of the estate under section 541 of the Bankruptcy Code and, as such, courts have the authority to implement certain protective measures to preserve the Tax Attributes. The seminal case articulating this rule is *In re Prudential Lines, Inc.*, in which the United States Bankruptcy Court

for the Southern District of New York held that a "debtor's potential ability to utilize NOLs is property of an estate" and that the taking of a worthless stock deduction is an exercise of control over a debtor's NOLs, and thus was properly subject to the automatic stay.  *In re Prudential Lines, Inc.*, 107 B.R. 832, 838, 842–43 (Bankr. S.D.N.Y. 1989), *aff'd*, 119 B.R. 430 (S.D.N.Y. 1990), *aff'd*, 928 F.2d 565 (2d Cir. 1991), *cert. denied* 502 U.S. 821 (1991); *see also In re White Metal Rolling & Stamping Corp.*, 222 B.R. 417, 424 (Bankr. S.D.N.Y. 1998) ("it is beyond peradventure that NOL carrybacks and carryovers are property of the estate of the loss corporation that generated them"); *In re Delta Air Lines, Inc.*, Case No. 05-17923 (PCB) (Bankr. S.D.N.Y. Sept. 16, 2005) (finding net operating losses are property of a debtor's estate); *In re Forman Enters., Inc.*, 273 B.R. 408, 415 (Bankr. W.D. Pa. 2002) (same); *In re White Metal*, 222 B.R. at 424 (same).  Because the Debtors' NOLs are property of their estates, the Court has the authority under section 362 of the Bankruptcy Code to enforce the automatic stay by restricting the transfer of equity securities in the Debtors that could jeopardize the existence or value of these assets.  *See In re Phar-Mor, Inc.*, 152 B.R. 924, 927 (Bankr. N.D. Ohio 1993) (holding that section 362 prohibited the sale of stock in the debtor as an exercise of control of the debtor's NOLs, which were property of the debtor's estate); *In re Grossman's, Inc.*, Case No. 97-695 (PJW), 1997 WL 33446314, at *1 (Bankr. D. Del. Oct. 9, 1997) (holding that net operating losses were property of debtors' estates and protected by automatic stay).

30.    Unrestricted trading in the Debtors' equity securities or deductions for worthless stock with no advance warning would jeopardize the Tax Attributes and could impair the value of the Debtors' estates.  The Debtors respectfully submit that the Proposed Orders will play an integral role in the Debtors' success in these chapter 11 cases, and that there is an immediate need to establish the notice and hearing provisions regarding trading in equity securities in the Debtors

and parties claiming that such equity securities are worthless.  Accordingly, the Debtors respectfully request that the Court grant the relief requested herein.

**E.      The Requested Relief Is Narrowly Tailored**

31.      The requested relief does not bar all trading of, or claims for worthlessness with respect to, equity securities in the Debtors.  At this early juncture, the Debtors seek to establish procedures enabling them only to monitor those types of trading in equity securities and the taking of worthless stock deductions which pose a serious risk under the Section 382 ownership change test, so as to preserve the Debtors' ability to seek substantive relief if it appears that a proposed trade of equity securities or worthless stock deduction will jeopardize the use of the Tax Attributes. The procedures requested by the Debtors in this Motion would permit most trading in equity securities to continue subject only to Bankruptcy Rules 3001(e) and 3002 and applicable securities, corporate, and other laws.  The restrictions on claiming deductions for worthless stock would apply only to 50% shareholders, and even then, would not prohibit such deductions entirely, but would merely require them to be postponed to taxable years ending after the Debtors emerge from chapter 11.  Because of the Tax Attributes' importance to the Debtors' Chapter 11 efforts, and thus all parties in interest, implementation of the requested relief outweighs subjecting a limited number of transfers and/or worthless stock deductions to the procedures described above.

32.      Moreover, the Debtors submit that the foregoing notice procedures satisfy due process and the strictures of Bankruptcy Rule 9014 by providing the counterparties with a notice and an opportunity to object and attend a hearing.  *See, e.g.*, *In re Colorado Mountain Cellars, Inc.*, 226 B.R. 244, 246 (D. Colo. 1998) (noting that a hearing is not required to satisfy Bankruptcy Rule 9014).  Furthermore, the proposed notice procedures protect the due process rights of parties in interest without unnecessarily exposing the Debtors' estates to unwanted administrative expenses.

**F.      The Requested Relief Is Necessary to Avoid Irreparable Harm to the Debtors**

33.      Once a Tax Attribute is limited under Section 382, its use may be limited forever. The relief sought herein is necessary to avoid an irrevocable loss or reduction in the availability of the Tax Attributes and the irreparable harm that could be caused by unrestricted trading in DermTech's equity securities and the Debtors' resulting inability to offset taxable income freely with the Tax Attributes.

**SATISFACTION OF BANKRUPTCY RULE 6003**

34.      Pursuant to Bankruptcy Rule 6003(b), any motion seeking to use property of the estates pursuant to section 363 of the Bankruptcy Code or to satisfy prepetition claims within twenty-one (21) days of the Petition Date requires the Debtors to demonstrate that such relief "is necessary to avoid immediate and irreparable harm." As described herein and in the First Day Declaration, the Debtors will suffer immediate and irreparable harm without the Court's authorization to establish procedures for the purchase, sale, or other transfer of the DermTech Stock.  If the relief is not granted, the Debtors' ability to use their Tax Attributes may be eliminated or severely limited, which could have negative consequences for the Debtors, their estates, creditors, stakeholders and other parties in interest.

35.      For this reason and those set forth above, the Debtors respectfully submit that Bankruptcy Rule 6003(b) has been satisfied and that the relief requested herein is necessary to avoid immediate and irreparable harm to the Debtors and their estates.

**NOTICE**

36.      The Debtors will provide notice of this Motion to: (a) the U.S. Trustee; (b) the United States Attorney's Office for the District of Delaware; (c) the state attorneys general for all states in which the Debtors conduct business; (d) the Internal Revenue Service; (e) the United States Securities and Exchange Commission; (f) the holders of the thirty (30) largest unsecured

18

claims against the Debtors on a consolidated basis; (g)  the Transfer Agent and all of the Nominees that hold stock in "street name" for the beneficial holders of the equity interest, as applicable; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors will serve copies of this Motion and any order entered in respect hereto as required by Local Rule 9013-1(m). The Debtors respectfully submit that, in light of the nature of the relief requested, no further notice is necessary.

*[Remainder of Page Intentionally Left Blank]*

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Orders, substantially in the forms annexed hereto as **Exhibits A** and **B**, respectively, granting the relief requested herein and such other and further relief as is just and proper.

Dated: June 18, 2024
       Wilmington, Delaware

**WILSON SONSINI GOODRICH & ROSATI, P.C.**

*/s/ Shane M. Reil*

Erin R. Fay (No. 5268)
Shane M. Reil (No. 6195)
Catherine C. Lyons (No. 6854)
222 Delaware Avenue, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 304-7600
E-mails:  efay@wsgr.com
         sreil@wsgr.com
         clyons@wsgr.com

- and -

Benjamin Hoch
Marsha Sukach (*pro hac vice* admission pending)
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
E-mails:  bhoch@wsgr.com
         msukach@wsgr.com

*Proposed Counsel to the Debtors and Debtors in Possession*

**<u>EXHIBIT A</u>**

**Proposed Interim Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| DERMTECH, INC., *et al.*,[1] | Case No. 24-11378 ([___]) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. __** |

### INTERIM ORDER, PURSUANT TO SECTIONS 105(a), 362(a)(3), AND 541 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3001, ESTABLISHING NOTICE AND HEARING PROCEDURES FOR TRADING IN, OR CERTAIN CLAIMS OF WORTHLESSNESS WITH RESPECT TO, EQUITY SECURITIES IN DERMTECH, INC.

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (each, a "Debtor" and collectively, the "Debtors") for the entry of this interim order (this "Interim Order") and a final order, pursuant to sections 105, 362(a)(3), and 541 of the Bankruptcy Code and Bankruptcy Rule 3001, establishing notice and hearing procedures that must be satisfied before certain transfers of, or certain claims of worthlessness for federal or state tax purposes with respect to, equity securities in DermTech, Inc. ("DermTech"), including Options to acquire such securities, as defined below, or of any beneficial interest therein, are deemed effective; and upon consideration of the First Day Declaration; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and it appearing that this is a core proceeding pursuant to 28 U.S.C. §

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: DermTech, Inc. (0849) and DermTech Operations, Inc. (8997). The Debtors' service address is 12340 El Camino Real, San Diego, CA 92130.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

157(b) and that this Court may enter a final order herewith consistent with Article III of the U.S. Constitution; and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested by the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and after due deliberation thereon and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.      The Motion is GRANTED on an interim basis as set forth herein.

2.      Any purchase, sale, or other transfer of, or certain claims of worthlessness with respect to, equity securities (including Options to acquire such securities, as defined below) in DermTech on or after the Petition Date in violation of the procedures set forth herein (including the notice requirements set forth in paragraph 3(a) below) shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code.

3.      The following procedures shall apply to trading in equity securities (including Options to acquire such securities, as defined below) in DermTech:

(a)      Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) who currently is or becomes a Substantial Shareholder (as defined in subparagraph (e) below) shall file with this Court, and serve on proposed counsel to the Debtors, a notice of such status, in the form attached hereto as **Exhibit A-1**, on or before the later of (i) twenty (20) calendar days of the Notice of Interim Order (as defined in paragraph 6 below) and (ii) ten (10) calendar days after becoming a Substantial Shareholder.

(b)      At least fourteen (14) calendar days prior to effectuating any transfer of equity securities (including Options to acquire such securities, as defined below) that would result in an increase in the amount of the DermTech Stock (as defined below) beneficially owned by a Substantial Shareholder or would result in a person or entity becoming a Substantial Shareholder, such Substantial Shareholder (or person or entity that may become a Substantial Shareholder) shall file with this Court, and serve on proposed counsel to the Debtors, advance written notice, in the form attached hereto as **Exhibit A-2**, of the intended transfer of equity securities (including Options to acquire such securities, as defined below).

(c)     At least fourteen (14) calendar days prior to effectuating any transfer of equity securities (including Options to acquire such securities, as defined below) that would result in a decrease in the amount of the DermTech Stock beneficially owned by a Substantial Shareholder or would result in a person or entity ceasing to be a Substantial Shareholder, such Substantial Shareholder shall file with this Court, and serve on proposed counsel to the Debtors, advance written notice, in the form attached hereto as **Exhibit A-3**, of the intended transfer of equity securities (including Options to acquire such securities, as defined below) (the notices required to be filed and served under subparagraphs (c) and (d), each a "Notice of Proposed Transfer").

(d)     The Debtors shall have ten (10) calendar days after receipt of a Notice of Proposed Transfer to file with this Court and serve on such Substantial Shareholder (or person or entity that may become a Substantial Shareholder) an objection to the proposed transfer of equity securities (including Options to acquire such securities, as defined below) described in the Notice of Proposed Transfer on the grounds that such transfer may adversely affect the Debtors' ability to utilize the Tax Attributes.  During such 10-day period, and while any objection by the Debtors (or any other party in interest) to the proposed transfer is pending, such Substantial Shareholder shall not effectuate the proposed transfer to which the Notice of Proposed Transfer relates and thereafter shall do so only in accordance with the Court's ruling, and, as applicable, any appellate rules and procedures.  If the Debtors do not object within such 10-day period, such transaction may proceed solely as set forth in the Notice of Proposed Transfer.  Further transactions within the scope of this subparagraph (d) must be the subject of additional notices as set forth herein, with an additional 10-day waiting period.

(e)     For purposes of this Interim Order, (A) a "Substantial Shareholder" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) which has Beneficial Ownership of at least 5% of all issued and outstanding shares (equal to, as of June 17, 2024, approximately 1,762,279 shares[3]) of the common stock of DermTech (the "DermTech Stock"), and (B) "Beneficial Ownership" or any variation thereof of the DermTech Stock and Options to acquire the DermTech Stock) shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire the DermTech Stock, but only

---

[3]     Based on approximately 35,253,581 shares of DermTech Stock issued and outstanding as of June 17, 2024.

to the extent such Option is treated as exercised under Treasury Regulations Section 1.382-4(d).  An "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

4.     The following procedures shall apply to claims for tax purposes that shares of DermTech's equity securities (including Options to acquire such securities) are worthless:

(a)     Any worthless stock deduction claim with respect to equity securities (including Options to acquire such securities) in DermTech on or after the Petition Date in violation of the procedures set forth herein shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code.

(b)     Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) who currently is or becomes a 50% Shareholder (as defined in subparagraph (e) below) shall file with the Court, and serve on proposed counsel to the Debtors, a notice of such status, in the form attached hereto as **Exhibit A-4**, on or before the later of (i) twenty (20) calendar days after the date of the Notice of Interim Order (as defined in paragraph 6 below) and (ii) ten (10) calendar days after becoming a 50% Shareholder.

(c)     At least fourteen (14) days prior to filing any federal or state tax return, or any amendment to such a return, claiming any deduction for worthlessness of the equity securities (or Options to acquire such securities) in DermTech, for a tax year ending before the Debtors' emergence from chapter 11, such 50% Shareholder shall file with the Court, and serve on proposed counsel to the Debtors, an advance written notice, in the form attached hereto as **Exhibit A-5** (a "Notice of Intent to Claim a Worthless Stock Deduction") of the intended claim of worthlessness.

(d)     The Debtors will have ten (10) calendar days after receipt of a Notice of Intent to Claim a Worthless Stock Deduction to file with the Court and serve on such 50% Shareholder an objection to any proposed claim of worthlessness described in the Notice of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize the Tax Attributes.  During such 10-day period, and while any objection by the Debtors (or any other party in interest) to the proposed claim is pending, such 50% Shareholder shall not claim, or cause to be claimed, the proposed worthless stock deduction to which the Notice of Intent to Claim a Worthless Stock Deduction relates and thereafter shall do so only in accordance with the Court's ruling, and, as applicable, any appellate rules and procedures.  If the Debtors do not object within such 10-day, the filing of the tax return with such claim would be permitted only as set forth in the Notice of Intent to Claim a Worthless Stock Deduction.

Additional tax returns or amendments within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 10-day waiting period.

(e)     For purposes of these procedures, (A) a "50% Shareholder" is any person or entity that, at any time during the three-year period ending on the Petition Date, has had Beneficial Ownership of 50% or more of the equity securities in DermTech (determined in accordance with IRC section 382(g)(4)(D) and the applicable regulations thereunder), and (B) "Beneficial Ownership" or any variation thereof of the DermTech Stock and Options to acquire the DermTech Stock) shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire the DermTech Stock, but only to the extent such Option is treated as exercised under Treasury Regulations Section 1.382-4(d).

5.      The Debtors may waive, in writing, any and all restrictions, stays, and notification procedures contained in this Interim Order; *provided, however*, that the Debtors shall provide notice of any such waiver to the U.S. Trustee in writing within three (3) business days thereafter.

6.      The Debtors shall serve the Notice of Interim Order setting forth the procedures authorized herein substantially in the form attached hereto as **Exhibit A-6** ("Notice of Interim Order") on: (i) the U.S. Trustee; (ii) the Office of the United States Attorney for the District of Delaware; (iii) the Internal Revenue Service; (iv) the holders of the thirty (30) largest unsecured claims on a consolidated basis against the Debtors; (v) the Transfer Agent and all of the Nominees that hold DermTech Stock in "street name" for the beneficial holders of the DermTech Stock (with instructions to serve down to the beneficial holder level) as applicable; and (vi) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.

7.      Upon receipt of the Notice of Interim Order, the Nominees shall serve the Notice of Interim Order to any beneficial holders by no later than five (5) business days after being served

with the Notice of Interim Order.  Additionally, any person or entity (or broker or agent acting on its behalf) who sells at least 5% of all issued and outstanding shares of the DermTech Stock (or an Option with respect thereto) to another person or entity shall be required to provide the Notice of Interim Order to such purchaser or any broker or agent acting on its behalf of such DermTech Stock (or an Option with respect thereto), to the extent reasonably feasible (unless the Court has entered the Final Order).  If at the time of purchase, this Court has entered the Final Order, any person or entity, or broker or agent acting on its behalf, who sells at least 5% of all issued and outstanding shares of the DermTech Stock (or an Option with respect thereto) to another person or entity shall provide the purchaser (or its agent) with the Notice of Final Order pursuant to the terms of the Final Order.

8.    For the avoidance of doubt, any holder of DermTech Stock that holds the DermTech Stock (or an Option with respect thereto) in an amount in excess of 5% of all the issued and outstanding shares (or an Option with respect thereto) on behalf of another person or entity is required to provide the Notice of Interim Order to such person or entity with instructions to forward the Notice of Interim Order down the chain of ownership to the ultimate beneficial holders of the DermTech Stock (or an Option with respect thereto) holding an amount in excess of 5% of all issued and outstanding shares.

9.    The requirements set forth in this Interim Order are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate and other laws, and do not excuse compliance therewith.

10.    Objections to entry of an order granting the Motion on a final basis must be filed by _____, 2024 at 4:00 p.m. (prevailing Eastern Time) and served on: (i) proposed counsel to the Debtors, Wilson Sonsini Goodrich & Rosati, P.C., (x) 222 Delaware Avenue, Suite

800, Wilmington, DE 19801 (Attn: Erin R. Fay, Shane M. Reil, and Catherine C. Lyons (emails: efay@wsgr.com, sreil@wsgr.com, and clyons@wsgr.com)), and (y) 1301 Avenue of the Americas, 40th Floor, New York, New York 10019 (Attn: Benjamin Hoch and Marsha Sukach (emails: bhoch@wsgr.com and msukach@wsgr.com)); (ii) the U.S. Trustee, 844 King Street, Suite 2207, Wilmington, Delaware, 19801 (Attn: Linda J. Casey (email: linda.casey@usdoj.gov)); and (iii) counsel to any statutory committee appointed in these chapter 11 cases.  A final hearing, if required, on the Motion will be held on _____, 2024 at _____.m. (prevailing Eastern Time).  If no objections are filed to the Motion, this Court may enter a final order without further notice or hearing.

11.     The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Interim Order.

12.     The requirements of Bankruptcy Rule 6003(b) are satisfied.

13.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

## <u>EXHIBIT A-1</u>

**Notice of Status as Substantial Shareholder**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| DERMTECH, INC., *et al.*,[1] | Case No. 24-11378 ([___]) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. __** |

## NOTICE OF STATUS AS A SUBSTANTIAL SHAREHOLDER[2]

**PLEASE TAKE NOTICE THAT** the undersigned party is or has become a Substantial

Shareholder with respect to DermTech Stock or of any Beneficial Ownership therein (as defined

herein and in the *Interim Order Pursuant to Sections 105(a), 362(a)(3), and 541 of the Bankruptcy*

*Code, and Bankruptcy Rule 3001 Establishing Notice and Hearing Procedures for Trading in, or*

*Certain Claims of Worthlessness With Respect to, Equity Securities in DermTech, Inc.*

(the "Interim Order") of DermTech, Inc. ("DermTech"), together with its debtor affiliates, the

debtors and debtors in possession in the above-captioned chapter 11 cases pending in the United

States Bankruptcy Court for the District of Delaware (the "Court").

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: DermTech, Inc. (0849) and DermTech Operations, Inc. (8997).  The Debtors' service address is 12340 El Camino Real, San Diego, California 92130.

[2]    For purposes of this Notice, (A) a "Substantial Shareholder" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) which has Beneficial Ownership of at least 5% of all issued and outstanding shares (equal to, as of June 17, 2024, approximately 1,762,679 shares) of the common stock of DermTech (the  "DermTech Stock"), and (B) "Beneficial Ownership" or any variation thereof of the DermTech Stock and Options to acquire the DermTech Stock) shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire the DermTech Stock, but only to the extent such Option is treated as exercised under Treasury Regulations Section 1.382-4(d).  An "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE THAT**, as of [_____], the undersigned party currently has Beneficial Ownership of, [_____] shares of the DermTech Stock (including any Options with respect to the DermTech Stock).  The following table sets forth the date(s) on which the undersigned party acquired Beneficial Ownership or otherwise has Beneficial Ownership of such DermTech Stock:

| Number of Shares | Date Acquired |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

(Attach additional rows if necessary)

The undersigned party holds such DermTech Stock through a bank, broker, intermediary, or other agent (a "<u>Nominee</u>"), in "street name", with the below Nominee, identified by such Nominee's "Participant Number" with the Depository Trust Company ("<u>DTC</u>"):

| Name of Nominee | Nominee's DTC Participant Number |
|---|---|
|  |  |

(If applicable, and attach additional rows if necessary)

**PLEASE TAKE FURTHER NOTICE THAT** the last four digits of the taxpayer identification number of the undersigned party are [____].

**PLEASE TAKE FURTHER NOTICE THAT**, under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to the Interim Order, this Notice

is being (a) filed with the Court and (b) served upon the proposed counsel to the Debtors.

Respectfully Submitted,

_____

(Name of Shareholder)

By:         _____
Name:       _____
Title:      _____
Address:    _____
            _____
            _____
Telephone:  _____
Facsimile:  _____
Date:       _____

## **<u>EXHIBIT A-2</u>**

### **Notice of Intent to Acquire Equity Interest**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| DERMTECH, INC., *et al.*,[1] | Case No. 24-11378 ([___]) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket No. __ |

## NOTICE OF INTENT TO PURCHASE, ACQUIRE, OR
## OTHERWISE ACCUMULATE AN EQUITY INTEREST

**PLEASE TAKE NOTICE THAT** the undersigned party hereby provides notice of its intention to purchase, acquire, or otherwise accumulate one or more shares of DermTech Stock or of any Beneficial Ownership therein (as defined herein and in the *Interim Order Pursuant to Sections 105(a), 362(a)(3), and 541 of the Bankruptcy Code, and Bankruptcy Rule 3001 Establishing Notice and Hearing Procedures for Trading in, or Certain Claims of Worthlessness With Respect to, Equity Securities in DermTech, Inc.* (the "Interim Order")) of DermTech, Inc. ("DermTech"), or an Option with respect thereto (as defined herein and in the Interim Order) (the "Proposed Transfer").

**PLEASE TAKE FURTHER NOTICE THAT**, if applicable, on [Prior Date(s)], the undersigned party filed a Notice of Status as a Substantial Shareholder[2] with the United States

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: DermTech, Inc. (0849) and DermTech Operations, Inc. (8997). The Debtors' service address is 12340 El Camino Real, San Diego, California 92130.

[2] For purposes of this Notice, (A) a "Substantial Shareholder" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) which has Beneficial Ownership of at least 5% of all issued and outstanding shares (equal to, as of June 17, 2024, approximately 1,762,679 shares) of the common stock of DermTech ("DermTech Stock"), and (B) "Beneficial Ownership" or any variation thereof of the DermTech Stock and Options to acquire the DermTech Stock) shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to

Bankruptcy Court for the District of Delaware (the "Court") and served copies thereof on proposed counsel to the Debtors.

**PLEASE TAKE FURTHER NOTICE THAT** the undersigned party currently has Beneficial Ownership of [_____] shares of the DermTech Stock (including any Options with respect to the DermTech Stock). The undersigned party holds such DermTech Stock through a bank, broker, intermediary, or other agent (a "Nominee"), in "street name", with the below Nominee, identified by such Nominee's "Participant Number" with the Depository Trust Company ("DTC"):

| Name of Nominee | Nominee's DTC Participant Number |
|---|---|
|  |  |

(If applicable, and attach additional rows if necessary)

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to the Proposed Transfer, the undersigned party proposes to purchase, acquire, or otherwise accumulate Beneficial Ownership of [_____] shares of the DermTech Stock or an Option with respect to [_____] shares of the DermTech Stock. If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of [_____] shares of the DermTech Stock (including any Options with respect to the DermTech Stock) after such transfer becomes effective.

**PLEASE TAKE FURTHER NOTICE THAT** the last four digits of the taxpayer identification or social security number of the undersigned party are [_____].

**PLEASE TAKE FURTHER NOTICE THAT**, under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying purchase, warrant,

---

make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire DermTech Stock, but only to the extent such Option is treated as exercised under Treasury Regulations Section 1.382-4(d). An "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to the Interim Order, this Notice is being (a) filed with the Court and (b) served upon proposed counsel to the Debtors.

**PLEASE TAKE FURTHER NOTICE THAT** the Debtors have ten (10) calendar days after receipt of this Notice to object to the Proposed Transfer described herein.  If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by a final and non-appealable order of the Court.  If the Debtors do not object within such 10-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Notice.

**PLEASE TAKE FURTHER NOTICE THAT** any further transactions contemplated by the undersigned party that may result in the undersigned party purchasing, acquiring or otherwise accumulating Beneficial Ownership of additional shares of the DermTech Stock (or an Option with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

Respectfully Submitted,

_____
(Name of Shareholder)

By: _____
Name: _____
Title: _____
Address: _____
 _____
 _____

Telephone: _____
Facsimile: _____
Date: _____

## <u>EXHIBIT A-3</u>

**Notice of Intent to Transfer Equity Interest**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| DERMTECH, INC., *et al.*,[1] | Case No. 24-11378 ([___]) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. __** |

**NOTICE OF INTENT TO SELL, TRADE, OR
OTHERWISE TRANSFER AN EQUITY INTEREST**

**PLEASE TAKE NOTICE THAT** the undersigned party hereby provides notice of its intention to sell, trade, or otherwise transfer one or more shares of the DermTech Stock or of any Beneficial Ownership therein (as defined herein and in the *Interim Order Pursuant to Sections 105(a), 362(a)(3), and 541 of the Bankruptcy Code, and Bankruptcy Rule 3001 Establishing Notice and Hearing Procedures for Trading in, or Certain Claims of Worthlessness With Respect to, Equity Securities in DermTech, Inc.* (the "Interim Order")) of DermTech, Inc. ("DermTech"), or an Option with respect thereto (as defined herein and in the Interim Order) (the "Proposed Transfer").

**PLEASE TAKE FURTHER NOTICE THAT**, if applicable, on [Prior Date(s)], the undersigned party filed a Notice of Status as a Substantial Shareholder[2] with the United States

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: DermTech, Inc. (0849) and DermTech Operations, Inc. (8997). The Debtors' service address is 12340 El Camino Real, San Diego, California 92130.

[2] For purposes of this Notice, (A) a "Substantial Shareholder" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) which has Beneficial Ownership of at least 5% of all issued and outstanding shares (equal to, as of June 17, 2024, approximately 1,762,679 shares) of the common stock of DermTech (the "DermTech Stock"), and (B) "Beneficial Ownership" or any variation thereof of the DermTech Stock and Options to acquire the DermTech Stock) shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to

Bankruptcy Court for the District of Delaware (the "<u>Court</u>") and served copies thereof on proposed counsel to the Debtors.

      **PLEASE TAKE FURTHER NOTICE THAT** the undersigned party currently has Beneficial Ownership of [_____] shares of the DermTech Stock (including any Options with respect to the DermTech Stock). The undersigned party holds such DermTech Stock through a bank, broker, intermediary, or other agent (a "<u>Nominee</u>"), in "street name", with the below Nominee, identified by such Nominee's "Participant Number" with the Depository Trust Company ("<u>DTC</u>"):

| Name of Nominee | Nominee's DTC Participant Number |
|---|---|
|  |  |

(If applicable, and attach additional rows if necessary)

      **PLEASE TAKE FURTHER NOTICE THAT**, pursuant to the Proposed Transfer, the undersigned party proposes to sell, trade, or otherwise transfer Beneficial Ownership of [_____] shares of the DermTech Stock or an Option with respect to [_____] shares of the DermTech Stock. If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of [_____] shares of the DermTech Stock (including any Options with respect to the DermTech Stock) after such transfer becomes effective.

      **PLEASE TAKE FURTHER NOTICE THAT** the last four digits of the taxpayer identification or social security number of the undersigned party are [_____].

      **PLEASE TAKE FURTHER NOTICE THAT**, under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying purchase, warrant,

---

make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire the DermTech Stock, but only to the extent such Option is treated as exercised under Treasury Regulations Section 1.382-4(d). An "<u>Option</u>" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable. attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to the Interim Order, this Notice is being (a) filed with the Court and (b) served upon proposed counsel to the Debtors.

**PLEASE TAKE FURTHER NOTICE THAT** the Debtors have ten (10) calendar days after receipt of this Notice to object to the Proposed Transfer described herein.  If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by a final and non-appealable order of the Court.  If the Debtors do not object within such 10-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Notice.

**PLEASE TAKE FURTHER NOTICE THAT** any further transactions contemplated by the undersigned party that may result in the undersigned party selling, trading or otherwise transferring Beneficial Ownership of additional shares of the DermTech Stock (or an Option with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

Respectfully Submitted,

_____

(Name of Shareholder)

By:       _____
Name:  _____
Title:    _____
Address: _____
           _____
           _____
Telephone: _____
Facsimile: _____
Date:      _____

## **EXHIBIT A-4**

**Notice of Status as a 50% Shareholder**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| DERMTECH, INC., *et al.*,[1] | Case No. 24-11378 ([___]) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket No. __ |

### NOTICE OF STATUS AS A 50% SHAREHOLDER[2]

**PLEASE TAKE NOTICE THAT** the undersigned party is or has become a 50%

Shareholder with respect to the DermTech Stock or of any Beneficial Ownership therein (as

defined herein and in the *Interim Order Pursuant to Sections 105(a), 362(a)(3), and 541 of the*

*Bankruptcy Code, and Bankruptcy Rule 3001 Establishing Notice and Hearing Procedures for*

*Trading in, or Certain Claims of Worthlessness With Respect to, Equity Securities in DermTech,*

*Inc.* (the "Interim Order") of DermTech, Inc. ("DermTech"), together with its debtor affiliates, the

debtors and debtors in possession in the above-captioned chapter 11 cases pending in the United

States Bankruptcy Court for the District of Delaware (the "Court").

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: DermTech, Inc. (0849) and DermTech Operations, Inc. (8997). The Debtors' service address is 12340 El Camino Real, San Diego, California 92130.

[2]    For purposes of this Notice, (A) a "50% Shareholder" is any person or entity that, at any time during the three-year period ending on the Petition Date, has had Beneficial Ownership of 50% or more of the equity securities in DermTech (determined in accordance with IRC section 382(g)(4)(D) and the applicable regulations thereunder), and (B) "Beneficial Ownership" or any variation thereof of the DermTech Stock and Options to acquire the DermTech Stock) shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire the DermTech Stock, but only to the extent such Option is treated as exercised under Treasury Regulations Section 1.382-4(d). An "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE THAT**, as of [_____], the undersigned party currently has Beneficial Ownership of [_____] shares of the DermTech Stock (including any Options with respect to any DermTech Stock). The following table sets forth the date(s) on which the undersigned party acquired Beneficial Ownership or otherwise has Beneficial Ownership of such DermTech Stock (including any Options with respect to the DermTech Stock):

| Number of Shares | Date Acquired |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

(Attach additional rows if necessary)

The undersigned party holds such DermTech Stock through a bank, broker, intermediary, or other agent (a "Nominee"), in "street name", with the below Nominee, identified by such Nominee's "Participant Number" with the Depository Trust Company ("DTC"):

| Name of Nominee | Nominee's DTC Participant Number |
|---|---|
|  |  |

(If applicable, and attach additional rows if necessary)

**PLEASE TAKE FURTHER NOTICE THAT** the last four digits of the taxpayer identification number of the undersigned party are [____].

**PLEASE TAKE FURTHER NOTICE THAT**, under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to the Interim Order, this Notice is being (a) filed with the Court and (b) served upon the proposed counsel to the Debtors.

Respectfully Submitted,

_____

(Name of Shareholder)

By:         _____
Name:       _____
Title:      _____
Address:    _____
            _____
            _____
Telephone:  _____
Facsimile:  _____
Date:       _____

## EXHIBIT A-5

**Notice of Intent to Claim a Worthless Stock Deduction**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| DERMTECH, INC., *et al.*,[1] | Case No. 24-11378 ([___]) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. __** |

## NOTICE OF INTENT TO CLAIM A WORTHLESS STOCK DEDUCTION

**PLEASE TAKE NOTICE THAT** the undersigned party hereby provides notice of its

intention to claim a worthless stock deduction (the "<u>Proposed Worthlessness Claim</u>") with respect

to the DermTech Stock or of any Beneficial Ownership therein (as defined herein and in the *Interim*

*Order Pursuant to Sections 105(a), 362(a)(3), and 541 of the Bankruptcy Code, and Bankruptcy*

*Rule 3001 Establishing Notice and Hearing Procedures for Trading in, or Certain Claims of*

*Worthlessness With Respect to, Equity Securities in DermTech, Inc.* (the "<u>Interim Order</u>"), of

DermTech, Inc. ("<u>DermTech</u>"), together with its debtor affiliates, the debtors and debtors in

possession in the above-captioned chapter 11 cases pending in the United States Bankruptcy Court

for the District of Delaware (the "<u>Court</u>").

**PLEASE TAKE FURTHER NOTICE THAT**, if applicable, on [Prior Date(s)], the

undersigned party filed a Notice of Status as a 50% Shareholder[2] with the Court and served copies

thereof on proposed counsel to the Debtors.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: DermTech, Inc. (0849) and DermTech Operations, Inc. (8997). The Debtors' service address is 12340 El Camino Real, San Diego, California 92130.

[2]    For purposes of this Notice, (A) a "<u>50% Shareholder</u>" is any person or entity that, at any time during the three-year period ending on the Petition Date, has had Beneficial Ownership of 50% or more of the equity securities in DermTech (determined in accordance with IRC section 382(g)(4)(D) and the applicable regulations thereunder), and (B) "<u>Beneficial Ownership</u>" or any variation thereof of the DermTech Stock and Options to acquire the DermTech Stock) shall be determined in accordance with applicable rules under Section 382, Treasury

**PLEASE TAKE FURTHER NOTICE THAT**, as of [_____], the undersigned party currently has Beneficial Ownership of [_____] shares of the DermTech Stock (including any Options with respect to any DermTech Stock).  The undersigned party holds such DermTech Stock through a bank, broker, intermediary, or other agent (a "Nominee"), in "street name", with the below Nominee, identified by such Nominee's "Participant Number" with the Depository Trust Company ("DTC"):

| Name of Nominee | Nominee's DTC Participant Number |
|---|---|
|  |  |

(If applicable, and attach additional rows if necessary)

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to the Proposed Worthlessness Claim, the undersigned proposes to declare for [federal/state] tax purposes that [_____] shares of the DermTech Stock or an Option with respect to [_____] shares of the DermTech Stock became worthless during the tax year ending [_____].

**PLEASE TAKE FURTHER NOTICE THAT** the last four digits of the taxpayer identification number of the undersigned party are [____].

**PLEASE TAKE FURTHER NOTICE THAT**, under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

---

Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire DermTech Stock, but only to the extent such Option is treated as exercised under Treasury Regulations Section 1.382-4(d). An "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to the Interim Order, this Notice is being (a) filed with the Court and (b) served upon the proposed counsel to the Debtors.

**PLEASE TAKE FURTHER NOTICE THAT** the Debtors have ten (10) calendar days after receipt of this Notice to object to the Proposed Worthlessness Claim described herein.  If the Debtors file an objection, such Proposed Worthlessness Claim will not be effective unless approved by a final and non-appealable order of the Court.  If the Debtors do not object within such 10-day period, then after expiration of such period the Proposed Worthlessness Claim may proceed solely as set forth in this Notice.

**PLEASE TAKE FURTHER NOTICE THAT** any further transactions contemplated by the undersigned party that may result in the undersigned party claiming a worthless stock deduction with respect to its shares of the DermTech Stock (or an Option with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

Respectfully Submitted,

_____

(Name of Shareholder)

By:       _____
Name:   _____
Title:    _____
Address: _____
            _____
            _____
Telephone: _____
Facsimile: _____
Date:     _____

## EXHIBIT A-6

**Notice of Interim Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| DERMTECH, INC., *et al.*,[1] | Case No. 24-11378 ([___]) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. __** |

**NOTICE OF ENTRY OF INTERIM ORDER, PURSUANT TO SECTIONS 105(a), 362(a)(3), AND 541 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3001, ESTABLISHING NOTICE AND HEARING PROCEDURES FOR TRADING IN, OR CERTAIN CLAIMS OF WORTHLESSNESS WITH RESPECT TO, EQUITY SECURITIES IN DERMTECH, INC.**

**TO ALL PERSONS OR ENTITIES WITH EQUITY INTERESTS IN DERMTECH, INC.**

**PLEASE TAKE NOTICE THAT**, on _____, 2024 (the "<u>Petition Date</u>"), the above-captioned debtors and debtors in possession (each, a "<u>Debtor</u>" and collectively, the "<u>Debtors</u>") commenced voluntary cases under chapter 11 of title 11 of the United States Code, as amended (the "<u>Bankruptcy Code</u>").  Subject to certain exceptions, section 362 of the Bankruptcy Code operates as a stay of any act to obtain possession of property of the Debtors' estates or of property from the Debtors' estates or to exercise control over property of the Debtors' estates.

**PLEASE TAKE FURTHER NOTICE THAT,** on the Petition Date, the Debtors filed a motion seeking entry of an Interim Order and Final Order pursuant to sections 105, 362, and 541 of the Bankruptcy Code establishing notice and hearing procedures for trading in, or certain claims of worthlessness with respect to, equity securities in Debtor DermTech, Inc. (the "<u>Motion</u>").

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: DermTech, Inc. (0849) and DermTech Operations, Inc. (8997).  The Debtors' service address is 12340 El Camino Real, San Diego, California 92130.

**PLEASE TAKE FURTHER NOTICE THAT** on _____, 2024, the United States Bankruptcy Court for the District of Delaware (the "Court") entered that certain *Interim Order Pursuant to Sections 105(a), 362(a)(3), and 541 of the Bankruptcy Code and Bankruptcy Rule 3001 Establishing Notice and Hearing Procedures for Trading in, or Certain Claims of Worthlessness With Respect to, Equity Securities in DermTech, Inc.* approving the procedures set forth below in order to preserve the Tax Attributes held by DermTech (as defined below) (the "Interim Order").

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to the Interim Order, the following procedures shall apply to holding and trading in, or certain claims of worthlessness with respect to, equity securities (including Options to acquire such securities, as defined below) of DermTech, Inc. ("DermTech"):

1.      Any purchase, sale, or other transfer of, or certain claims of worthlessness with respect to, equity securities (including Options to acquire such securities, as defined below) in DermTech on or after the Petition Date in violation of the procedures set forth herein (including the notice requirements set forth in paragraphs 2(a) and 3(b)) shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code.

2.      The following procedures shall apply to the trading in equity securities (including Options to acquire such securities, as defined below) in DermTech:

      (a)      Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) who currently is or becomes a Substantial Shareholder (as defined in subparagraph (e) below) shall file with the Court, and serve on proposed counsel to the Debtors a notice of such status, in the form attached to the Interim Order as Exhibit A-1, on or before the later of (i) twenty (20) calendar days after the date of the Notice of Interim Order (as defined below) and (ii) ten (10) calendar days after becoming a Substantial Shareholder.

      (b)      At least fourteen (14) calendar days prior to effectuating any transfer of equity securities (including Options to acquire such securities, as defined

below) that would result in an increase in the amount of the DermTech Stock (as defined below) beneficially owned by a Substantial Shareholder or would result in a person or entity becoming a Substantial Shareholder, such Substantial Shareholder (or person or entity that may become a Substantial Shareholder) shall file with the Court, and serve on proposed counsel to the Debtors, advance written notice, in the form attached to the Interim Order as <u>Exhibit A-2</u>, of the intended transfer of equity securities (including Options to acquire such securities, as defined below).

(c)    At least fourteen (14) calendar days prior to effectuating any transfer of equity securities (including Options to acquire such securities, as defined below) that would result in a decrease in the amount of the DermTech Stock beneficially owned by a Substantial Shareholder or would result in a person or entity ceasing to be a Substantial Shareholder, such Substantial Shareholder shall file with the Court, and serve on proposed counsel to the Debtors, advance written notice, in the form attached to the Interim Order as <u>Exhibit A-3</u>, of the intended transfer of equity securities (including Options to acquire such securities, as defined below) (the notices required to be filed and served under subparagraphs (c) and (d), each a "<u>Notice of Proposed Transfer</u>").

(d)    The Debtors shall have ten (10) calendar days after receipt of a Notice of Proposed Transfer to file with the Court and serve on such Substantial Shareholder (or person or entity that may become a Substantial Shareholder) an objection to the proposed transfer of equity securities (including Options to acquire such securities, as defined below) described in the Notice of Proposed Transfer on the grounds that such transfer may adversely affect the Debtors' ability to utilize the Tax Attributes. During such 10-day period, and while any objection by the Debtors (or any other party in interest) to the proposed transfer is pending, such Substantial Shareholder shall not effectuate the proposed transfer to which the Notice of Proposed Transfer relates and thereafter shall do so only in accordance with the Court's ruling, and, as applicable, any appellate rules and procedures. If the Debtors do not object within such 10-day period, such transaction may proceed solely as set forth in the Notice of Proposed Transfer. Further transactions within the scope of this subparagraph (d) must be the subject of additional notices as set forth herein, with an additional 10-day waiting period.

(e)    For purposes of these procedures, (A) a "<u>Substantial Shareholder</u>" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) which has Beneficial Ownership of at least 5% of all issued and outstanding shares (equal to, as of June 17, 2024, approximately 1,762,679 shares[2]) of the common stock of DermTech (the "<u>DermTech Stock</u>"), and (B) "<u>Beneficial Ownership</u>" or any variation thereof of the DermTech Stock and

---

[2]    Based on approximately 35,253,581 shares of DermTech Stock issued and outstanding as of June 17, 2024.

Options to acquire the DermTech Stock) shall be determined in[2] accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire the DermTech Stock, but only to the extent such Option is treated as exercised under Treasury Regulations Section 1.382-4(d). An "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

3.    The following procedures shall apply to claims for tax purposes that shares of DermTech's equity securities (including Options to acquire such securities, as defined below) are worthless:

(a)    Any worthless stock deduction claim with respect to equity securities (including Options to acquire such securities, as defined below) in DermTech on or after the Petition Date in violation of the procedures set forth herein shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code.

(b)    Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) who currently is or becomes a 50% Shareholder (as defined in subparagraph (e) below) shall file with the Court, and serve on proposed counsel to the Debtors, a notice of such status, in the form attached to the Interim Order as Exhibit A-4, on or before the later of (i) twenty (20) calendar days after the date of the Notice of Interim Order (as defined below) and (ii) ten (10) calendar days after becoming a 50% Shareholder.

(c)    At least fourteen (14) days prior to filing any federal or state tax return, or any amendment to such a return, claiming any deduction for worthlessness of the equity securities (including Options to acquire such securities, as defined below) in DermTech, for a tax year ending before the Debtors' emergence from chapter 11, such 50% Shareholder shall file with the Court, and serve on proposed counsel to the Debtors, an advance written notice, in the form attached to the Interim Order as Exhibit A-5 (a "Notice of Intent to Claim a Worthless Stock Deduction") of the intended claim of worthlessness.

(d)    The Debtors will have ten (10) calendar days after receipt of a Notice of Intent to Claim a Worthless Stock Deduction to file with the Court and serve

on such 50% Shareholder an objection to any proposed claim of worthlessness described in the Notice of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize the Tax Attributes.  During such 10-day period, and while any objection by the Debtors (or any other party in interest) to the proposed claim is pending, such 50% Shareholder shall not claim, or cause to be claimed, the proposed worthless stock deduction to which the Notice of Intent to Claim a Worthless Stock Deduction relates and thereafter shall do so only in accordance with the Court's ruling, and, as applicable, any appellate rules and procedures.  If the Debtors do not object within such 10-day period, the filing of the tax return with such claim would be permitted only as set forth in the Notice of Intent to Claim a Worthless Stock Deduction.  Additional tax returns or amendments within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 10-day waiting period.

(e)      For purposes of these procedures, (A) a "50% Shareholder" is any person or entity that, at any time during the three-year period ending on the Petition Date, has had Beneficial Ownership of 50% or more of the equity securities in DermTech (determined in accordance with IRC section 382(g)(4)(D) and the applicable regulations thereunder), and (B) "Beneficial Ownership" or any variation thereof of the DermTech Stock and Options to acquire the DermTech Stock) shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire the DermTech Stock, but only to the extent such Option is treated as exercised under Treasury Regulations Section 1.382-4(d).  An "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE THAT**, upon the request of any person, proposed counsel to the Debtors will provide a form of each of the required notices described above.

**PLEASE TAKE FURTHER NOTICE THAT** a copy of the Interim Order may be obtained free of charge from https://cases.stretto.com/DermTech.

---

**FAILURE TO FOLLOW THE PROCEDURES SET FORTH IN THIS NOTICE SHALL CONSTITUTE A VIOLATION OF, AMONG OTHER THINGS, THE AUTOMATIC STAY PRESCRIBED BY SECTION 362 OF THE BANKRUPTCY CODE.**

**\*     \*     \***

**ANY PROHIBITED PURCHASE, ACQUISITION, ACCUMULATION, SALE, TRADE, OR OTHER TRANSFER OF, OR ANY CLAIM OF WORTHLESSNESS WITH RESPECT TO, THE DERMTECH STOCK, OR ANY BENEFICIAL OWNERSHIP THEREIN, IN VIOLATION OF THE INTERIM ORDER SHALL BE NULL AND VOID *AB INITIO* AND MAY BE PUNISHED BY CONTEMPT OR OTHER SANCTIONS IMPOSED BY THE COURT.**

---

**PLEASE TAKE FURTHER NOTICE THAT** the requirements set forth in this Notice of Interim Order are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate, and other laws, and do not excuse compliance therewith.

**PLEASE TAKE FURTHER NOTICE THAT** a final hearing on the relief sought in the Motion shall be conducted on _____, 2024 at _____ (prevailing Eastern Time) (the "Final Hearing"). Any party-in-interest objecting to the relief sought at the Final Hearing or the Final Order shall file and serve a written objection, which objection shall be served upon: (i) proposed counsel to the Debtors, Wilson Sonsini Goodrich & Rosati, P.C., (x) 222 Delaware Avenue, Suite 800, Wilmington, Delaware 19801 (Attn: Erin R. Fay, Shane M. Reil, and Catherine C. Lyons (emails: efay@wsgr.com, sreil@wsgr.com, and clyons@wsgr.com)), and (y) 1301 Avenue of the Americas, 40th Floor, New York, New York 10019 (Attn: Benjamin Hoch and Marsha N. Sukach (emails: bhoch@wsgr.com and msukach@wsgr.com)); (ii) the U.S. Trustee, 844 King Street, Suite 2207, Wilmington, Delaware, 19801 (Attn: Linda J. Casey (email: linda.casey@usdoj.gov)); and (iii) counsel to any statutory committee appointed in these chapter 11 cases no later than _____, 2024 at 4:00 p.m. (prevailing Eastern Time). If no objections to the entry of the Final Order are timely filed, this Court may enter the Final Order without further notice or a hearing.

Dated: [●], 2024
     Wilmington, Delaware

**WILSON SONSINI GOODRICH & ROSATI, P.C.**

*/s/ Draft*_____

Erin R. Fay (No. 5268)
Shane M. Reil (No. 6195)
Catherine C. Lyons (No. 6854)
222 Delaware Avenue, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 304-7600
E-mails:  efay@wsgr.com
       sreil@wsgr.com
       clyons@wsgr.com

- and -

Benjamin Hoch
Marsha Sukach (*pro hac vice* admission pending)
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
E-mails:  bhoch@wsgr.com
       msukach@wsgr.com

*Proposed Counsel to the Debtors and Debtors in Possession*

**<u>EXHIBIT A-7</u>**

**Notice of Final Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| DERMTECH, INC., *et al.*,[1] | Case No. 24-11378 ([___]) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. __** |

**NOTICE OF ENTRY OF FINAL ORDER, PURSUANT TO SECTIONS 105(a),
362(a)(3), AND 541 OF THE BANKRUPTCY CODE AND BANKRUPTCY
RULE 3001, ESTABLISHING NOTICE AND HEARING PROCEDURES
FOR TRADING IN, OR CERTAIN CLAIMS OF WORTHLESSNESS
WITH RESPECT TO, EQUITY SECURITIES IN DERMTECH, INC.**

| |
|---|
| **TO ALL PERSONS OR ENTITIES WITH EQUITY
INTERESTS IN DERMTECH, INC.** |

**PLEASE TAKE NOTICE THAT**, on _____, 2024 (the "Petition Date"), the above-captioned debtors and debtors in possession (each, a "Debtor" and collectively, the "Debtors") commenced voluntary cases under chapter 11 of title 11 of the United States Code, as amended (the "Bankruptcy Code"). Subject to certain exceptions, section 362 of the Bankruptcy Code operates as a stay of any act to obtain possession of property of the Debtors' estates or of property from the Debtors' estates or to exercise control over property of the Debtors' estates.

**PLEASE TAKE FURTHER NOTICE THAT**, on the Petition Date, the Debtors filed a motion seeking entry of an Interim Order and Final Order pursuant to sections 105, 362, and 541 of the Bankruptcy Code establishing notice and hearing procedures for trading in, or certain claims of worthlessness with respect to, equity securities in Debtor DermTech, Inc. (the "Motion").

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: DermTech, Inc. (0849) and DermTech Operations, Inc. (8997). The Debtors' service address is 12340 El Camino Real, San Diego, California 92130.

**PLEASE TAKE FURTHER NOTICE THAT** on _____, 2024, the United States Bankruptcy Court for the District of Delaware (the "Court") entered that certain *Interim Order Pursuant to Sections 105(a), 362(a)(3), and 541 of the Bankruptcy Code and Bankruptcy Rule 3001 Establishing Notice and Hearing Procedures for Trading in, or Certain Claims of Worthlessness With Respect to, Equity Securities in DermTech, Inc.* approving the procedures set forth below in order to preserve the Tax Attributes held by DermTech (as defined below) (the "Interim Order").

**PLEASE TAKE FURTHER NOTICE THAT**, on _____, 2024, the United States Bankruptcy Court for the District of Delaware (the "Court") entered that certain *Final Order Pursuant to Sections 105(a), 362(a)(3), and 541 of the Bankruptcy Code and Bankruptcy Rule 3001 Establishing Notice and Hearing Procedures for Trading in, or Certain Claims of Worthlessness With Respect to, Equity Securities in DermTech, Inc.* approving the procedures set forth below in order to preserve the Tax Attributes held by DermTech (as defined below) (the "Final Order").

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to the Final Order, the following procedures shall apply to holding and trading in, or certain claims of worthlessness with respect to, equity securities (including Options to acquire such securities, as defined below) of DermTech, Inc. ("DermTech"):

1.      Any purchase, sale, or other transfer of, or certain claims of worthlessness with respect to, equity securities (including Options to acquire such securities, as defined below) in DermTech on or after the Petition Date in violation of the procedures set forth herein (including the notice requirements set forth in paragraphs 2(a) and 3(b)) shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code.

2.      The following procedures shall apply to the trading in equity securities (including

Options to acquire such securities, as defined below) in DermTech:

(a)      Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) who currently is or becomes a Substantial Shareholder (as defined in subparagraph (e) below) shall file with the Court, and serve on counsel to the Debtors a notice of such status, in the form attached to the Interim Order as Exhibit A-1, on or before the later of (i) twenty (20) calendar days after the date of the Notice of Final Order (as defined below) and (ii) ten (10) calendar days after becoming a Substantial Shareholder.

(b)      At least fourteen (14) calendar days prior to effectuating any transfer of equity securities (including Options to acquire such securities, as defined below) that would result in an increase in the amount of DermTech Stock (as defined below) beneficially owned by a Substantial Shareholder or would result in a person or entity becoming a Substantial Shareholder, such Substantial Shareholder (or person or entity that may become a Substantial Shareholder) shall file with the Court, and serve on counsel to the Debtors, advance written notice, in the form attached to the Interim Order as Exhibit A-2, of the intended transfer of equity securities (including Options to acquire such securities, as defined below).

(c)      At least fourteen (14) calendar days prior to effectuating any transfer of equity securities (including Options to acquire such securities, as defined below) that would result in a decrease in the amount of the DermTech Stock beneficially owned by a Substantial Shareholder or would result in a person or entity ceasing to be a Substantial Shareholder, such Substantial Shareholder shall file with the Court, and serve on proposed counsel to the Debtors, advance written notice, in the form attached to the Interim Order as Exhibit A-3, of the intended transfer of equity securities (including Options to acquire such securities, as defined below) (the notices required to be filed and served under subparagraphs (c) and (d), each a "Notice of Proposed Transfer").

(d)      The Debtors shall have ten (10) calendar days after receipt of a Notice of Proposed Transfer to file with the Court and serve on such Substantial Shareholder (or person or entity that may become a Substantial Shareholder) an objection to the proposed transfer of equity securities (including Options to acquire such securities, as defined below) described in the Notice of Proposed Transfer on the grounds that such transfer may adversely affect the Debtors' ability to utilize the Tax Attributes.  During such 10-day period, and while any objection by the Debtors (or any other party in interest) to the proposed transfer is pending, such Substantial Shareholder shall not effectuate the proposed transfer to which the Notice of Proposed Transfer relates and thereafter shall do so only in accordance with the Court's ruling, and, as applicable, any appellate rules and

3

procedures.  If the Debtors do not object within such 10-day period, such transaction may proceed solely as set forth in the Notice of Proposed Transfer.  Further transactions within the scope of this subparagraph (d) must be the subject of additional notices as set forth herein, with an additional 10-day waiting period.

(e)    For purposes of these procedures, (A) a "<u>Substantial Shareholder</u>" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) which has Beneficial Ownership of at least 5% of all issued and outstanding shares (equal to, as of June 17, 2024, approximately 1,762,679 shares[2]) of the common stock of DermTech ("<u>DermTech Stock</u>"), and (B) "<u>Beneficial Ownership</u>" or any variation thereof of DermTech Stock and Options to acquire DermTech Stock) shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire DermTech Stock, but only to the extent such Option is treated as exercised under Treasury Regulations Section 1.382-4(d).  An "<u>Option</u>" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

3.    The following procedures shall apply to claims for tax purposes that shares of DermTech's equity securities (including Options to acquire such securities, as defined below) are worthless:

(a)    Any worthless stock deduction claim with respect to equity securities (including Options to acquire such securities, as defined below) in DermTech on or after the Petition Date in violation of the procedures set forth herein shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code.

(b)    Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) who currently is or becomes a 50% Shareholder (as defined in subparagraph (e) below) shall file with the Court, and serve on proposed counsel to the Debtors, a notice of such status, in the form attached to the Interim Order as <u>Exhibit A-4</u>, on or before the later of (i) twenty (20)

---

[2]    Based on approximately 35,253,581 shares of DermTech Stock issued and outstanding as of June 17, 2024.

calendar days after the date of the Notice of Interim Order (as defined below) and (ii) ten (10) calendar days after becoming a 50% Shareholder.

(c)     At least fourteen (14) days prior to filing any federal or state tax return, or any amendment to such a return, claiming any deduction for worthlessness of the equity securities (including Options to acquire such securities) in DermTech, for a tax year ending before the Debtors' emergence from chapter 11, such 50% Shareholder shall file with the Court, and serve on proposed counsel to the Debtors, an advance written notice, in the form attached to the Interim Order as <u>Exhibit A-5</u> (a "<u>Notice of Intent to Claim a Worthless Stock Deduction</u>") of the intended claim of worthlessness.

(d)     The Debtors will have ten (10) calendar days after receipt of a Notice of Intent to Claim a Worthless Stock Deduction to file with the Court and serve on such 50% Shareholder an objection to any proposed claim of worthlessness described in the Notice of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize the Tax Attributes. During such 10-day period, and while any objection by the Debtors (or any other party in interest) to the proposed claim is pending, such 50% Shareholder shall not claim, or cause to be claimed, the proposed worthless stock deduction to which the Notice of Intent to Claim a Worthless Stock Deduction relates and thereafter shall do so only in accordance with the Court's ruling, and, as applicable, any appellate rules and procedures. If the Debtors do not object within such 10-day period, the filing of the tax return with such claim would be permitted only as set forth in the Notice of Intent to Claim a Worthless Stock Deduction. Additional tax returns or amendments within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 10-day waiting period.

(e)     For purposes of these procedures, (A) a "<u>50% Shareholder</u>" is any person or entity that, at any time during the three-year period ending on the Petition Date, has had Beneficial Ownership of 50% or more of the equity securities in DermTech (determined in accordance with IRC section 382(g)(4)(D) and the applicable regulations thereunder), and (B) "<u>Beneficial Ownership</u>" or any variation thereof of DermTech Stock and Options to acquire DermTech Stock) shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire DermTech Stock, but only to the extent such Option is treated as exercised under Treasury Regulations Section 1.382-4(d). An "<u>Option</u>" to acquire stock includes any contingent

purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE THAT**, upon the request of any person, counsel to the Debtors will provide a form of each of the required notices described above.

**PLEASE TAKE FURTHER NOTICE THAT** copies of the Interim Order and Final Order may be obtained free of charge from https://cases.stretto.com/DermTech.

---

**FAILURE TO FOLLOW THE PROCEDURES SET FORTH IN THIS NOTICE SHALL CONSTITUTE A VIOLATION OF, AMONG OTHER THINGS, THE AUTOMATIC STAY PRESCRIBED BY SECTION 362 OF THE BANKRUPTCY CODE.**

**\*      \*      \***

**ANY PROHIBITED PURCHASE, ACQUISITION, ACCUMULATION, SALE, TRADE, OR OTHER TRANSFER OF, OR ANY CLAIM OF WORTHLESSNESS WITH RESPECT TO, DERMTECH STOCK, OR ANY BENEFICIAL OWNERSHIP THEREIN, IN VIOLATION OF THE INTERIM ORDER SHALL BE NULL AND VOID AB INITIO AND MAY BE PUNISHED BY CONTEMPT OR OTHER SANCTIONS IMPOSED BY THE COURT.**

---

**PLEASE TAKE FURTHER NOTICE THAT** the requirements set forth in this Notice of Final Order are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate, and other laws, and do not excuse compliance therewith.

**EXHIBIT B**

**Proposed Final Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| DERMTECH, INC., *et al.*,[1] | Case No. 24-11378 ([___]) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket No. __ & __ |

**FINAL ORDER, PURSUANT TO SECTIONS 105(a), 362(a)(3),
AND 541 OF THE BANKRUPTCY CODE AND BANKRUPTCY
RULE 3001, ESTABLISHING NOTICE AND HEARING PROCEDURES
FOR TRADING IN, OR CERTAIN CLAIMS OF WORTHLESSNESS
WITH RESPECT TO, EQUITY SECURITIES IN DERMTECH, INC.**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (each, a "Debtor" and collectively, the "Debtors") for the entry of a final order (this "Final Order"), pursuant to sections 105, 362(a)(3) and 541 of the Bankruptcy Code and Bankruptcy Rule 3001, establishing notice and hearing procedures that must be satisfied before certain transfers of, or certain claims of worthlessness for federal or state tax purposes with respect to, equity securities in Debtor DermTech, Inc. ("DermTech") or of any beneficial interest therein, are deemed effective; and upon consideration of the First Day Declaration; and this Court having previously entered an order granting the relief requested in the Motion on an interim basis [Docket No. _____] (the "Interim Order"); and due and sufficient notice of the Motion and the Interim Order having been given under the particular circumstances; and it appearing that the Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: DermTech, Inc. (0849) and DermTech Operations, Inc. (8997). The Debtors' service address is 12340 El Camino Real, San Diego, California 92130.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Delaware, dated February 29, 2012; and it appearing that this is a core proceeding pursuant to 28

U.S.C. § 157(b) and that this Court may enter a final order herewith consistent with Article III of

the U.S. Constitution; and it appearing that venue of this proceeding and the Motion is proper

pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested by the Motion

is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and

after due deliberation thereon and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED on a final basis as set forth herein.

2.      Any purchase, sale, or other transfer of, or certain claims of worthlessness with

respect to, equity securities (including Options to acquire such securities, as defined below) in

DermTech, or of any Beneficial Ownership therein, on or after the Petition Date in violation of the

procedures set forth herein (including the notice requirements set forth in paragraph 3(a) below)

shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the

Bankruptcy Code.

3.      The following procedures shall apply to trading in equity securities (including

Options to acquire such securities, as defined below) of DermTech:

    (a)      Any person or entity (as defined in Treasury Regulations Section
1.382-3(a)(1)) who currently is or becomes a Substantial Shareholder (as
defined in subparagraph (e) below) shall file with this Court, and serve on
proposed counsel to the Debtors, a notice of such status, in the form attached
to the Interim Order as <u>Exhibit A-1</u>, on or before the later of (i) twenty (20)
calendar days of the Notice of Final Order (as defined in paragraph 6 below)
and (ii) ten (10) calendar days after becoming a Substantial Shareholder.

    (b)      At least fourteen (14) calendar days prior to effectuating any transfer of
equity securities (including Options to acquire such securities, as defined
below) that would result in an increase in the amount of DermTech Stock
(as defined below) beneficially owned by a Substantial Shareholder or
would result in a person or entity becoming a Substantial Shareholder, such
Substantial Shareholder (or person or entity that may become a Substantial
Shareholder) shall file with this Court, and serve on proposed counsel to the

Debtors, advance written notice, in the form attached to the Interim Order as Exhibit A-2, of the intended transfer of equity securities (including Options to acquire such securities, as defined below).

(c)     At least fourteen (14) calendar days prior to effectuating any transfer of equity securities (including Options to acquire such securities, as defined below) that would result in a decrease in the amount of DermTech Stock beneficially owned by a Substantial Shareholder or would result in a person or entity ceasing to be a Substantial Shareholder, such Substantial Shareholder shall file with this Court, and serve on proposed counsel to the Debtors, advance written notice, in the form attached to the Interim Order as Exhibit A-3, of the intended transfer of equity securities (including Options to acquire such securities, as defined below) (the notices required to be filed and served under subparagraphs (c) and (d), each a "Notice of Proposed Transfer").

(d)     The Debtors shall have ten (10) calendar days after receipt of a Notice of Proposed Transfer to file with this Court and serve on such Substantial Shareholder (or person or entity that may become a Substantial Shareholder) an objection to the proposed transfer of equity securities (including Options to acquire such securities, as defined below) described in the Notice of Proposed Transfer on the grounds that such transfer may adversely affect the Debtors' ability to utilize the Tax Attributes.  During such 10-day period, and while any objection by the Debtors (or any other party in interest) to the proposed transfer is pending, such Substantial Shareholder shall not effectuate the proposed transfer to which the Notice of Proposed Transfer relates and thereafter shall do so only in accordance with the Court's ruling, and, as applicable, any appellate rules and procedures.  If the Debtors do not object within such 10-day period, such transaction may proceed solely as set forth in the Notice of Proposed Transfer.   Further transactions within the scope of this subparagraph (d) must be the subject of additional notices as set forth herein, with an additional 10-day waiting period.

(e)     For purposes of this Final Order, (A) a "Substantial Shareholder" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) which has Beneficial Ownership of at least 5% of all issued and outstanding shares (equal to, as of June 17, 2024, approximately 1,762,679 shares[3]) of the common stock of DermTech ("DermTech Stock"), and (B) "Beneficial Ownership" or any variation thereof of DermTech Stock and Options to acquire DermTech Stock) shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would

---

[3]     Based on approximately 35,253,581 shares of DermTech Stock issued and outstanding as of June 17, 2024.

be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire DermTech Stock, but only to the extent such Option is treated as exercised under Treasury Regulations Section 1.382-4(d). An "<u>Option</u>" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

4.    The following procedures shall apply to claims for tax purposes that shares of DermTech's equity securities (including Options to acquire such securities, as defined below) are worthless:

(a)    Any worthless stock deduction claim with respect to equity securities (including Options to acquire such securities, as defined below) in DermTech on or after the Petition Date in violation of the procedures set forth herein shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code.

(b)    Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) who currently is or becomes a 50% Shareholder (as defined in subparagraph (e) below) shall file with the Court, and serve on proposed counsel to the Debtors, a notice of such status, in the form attached to the Interim Order as <u>Exhibit A-4</u>, on or before the later of (i) twenty (20) calendar days after the date of the Notice of Final Order (as defined in paragraph 6 below) and (ii) ten (10) calendar days after becoming a 50% Shareholder.

(c)    At least fourteen (14) days prior to filing any federal or state tax return, or any amendment to such a return, claiming any deduction for worthlessness of the equity securities (including Options to acquire such securities, as defined below) in DermTech, for a tax year ending before the Debtors' emergence from chapter 11, such 50% Shareholder shall file with the Court, and serve on proposed counsel to the Debtors, an advance written notice, in the form attached to the Interim Order as <u>Exhibit A-5</u> (a "<u>Notice of Intent to Claim a Worthless Stock Deduction</u>") of the intended claim of worthlessness.

(d)    The Debtors will have ten (10) calendar days after receipt of a Notice of Intent to Claim a Worthless Stock Deduction to file with the Court and serve on such 50% Shareholder an objection to any proposed claim of worthlessness described in the Notice of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize the Tax Attributes. During such 10-day period,

and while any objection by the Debtors (or any other party in interest) to the proposed claim is pending, such 50% Shareholder shall not claim, or cause to be claimed, the proposed worthless stock deduction to which the Notice of Intent to Claim a Worthless Stock Deduction relates and thereafter shall do so only in accordance with the Court's ruling, and, as applicable, any appellate rules and procedures.  If the Debtors do not object within such 10-day period, the filing of the tax return with such claim would be permitted only as set forth in the Notice of Intent to Claim a Worthless Stock Deduction.  Additional tax returns or amendments within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 10-day waiting period.

(e)     For purposes of these procedures, (A) a "50% Shareholder" is any person or entity that, at any time during the three-year period ending on the Petition Date, has had Beneficial Ownership of 50% or more of the equity securities in DermTech (determined in accordance with IRC section 382(g)(4)(D) and the applicable regulations thereunder), and (B) "Beneficial Ownership" or any variation thereof of DermTech Stock and Options to acquire DermTech Stock) shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire DermTech Stock, but only to the extent such Option is treated as exercised under Treasury Regulations Section 1.382-4(d).  An "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

5.     The Debtors may waive any and all restrictions, stays, and notification procedures contained in this Final Order; *provided, however*, the Debtors shall provide notice of any such waiver to the U.S. Trustee in writing within three (3) business days thereafter.

6.     The Debtors shall serve the Notice of Final Order setting forth the procedures authorized herein substantially in the form attached to the Interim Order as Exhibit A-7 ("Notice of Final Order") on: (i) the U.S. Trustee; (ii) the Office of the United States Attorney for the District of Delaware; (iii) the Internal Revenue Service; (iv) the holders of the thirty (30) largest unsecured

claims on a consolidated basis against the Debtors; and (v) the Transfer Agent and all of the Nominees that hold DermTech Stock in "street name" for the beneficial holders of DermTech Stock (with instructions to serve down to the beneficial holder level) as applicable).

7.     Upon receipt of the Notice of Final Order, the Nominees shall serve the Notice of Final Order to any beneficial holders by no later than five (5) business days after being served with the Notice of Final Order.  Additionally, any person (or entity or broker or agent acting on its behalf) who sells at least 5% of all issued and outstanding shares of DermTech Stock (or an Option with respect thereto) to another person or entity shall be required to provide the Notice of Final Order to such purchaser (or its agent), to the extent reasonably feasible.

8.     For the avoidance of doubt, any holder of DermTech Stock that holds DermTech Stock in an amount in excess of 5% of all the issued and outstanding shares (or an Option with respect thereto) on behalf of another person or entity is required to provide the Notice of Final Order to such person or entity with instructions to forward the Notice of Final Order down the chain of ownership to the ultimate beneficial holder of DermTech Stock holding an amount in excess of 5% of all issued and outstanding shares.

9.     The requirements set forth in this Final Order are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate and other laws, and do not excuse compliance therewith.

10.     The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Final Order.

11.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Final Order.